**Eduard FALK and Lettye M. Falk, Plaintiffs-Appellants,**

v.

**Sun Cha ALLEN, Defendant-Appellee.**

No. 83–2427.

United States Court of Appeals, Ninth Circuit.

Submitted May 18, 1984.
Decided Aug. 2, 1984.

**462**

David M. Shapiro, Agana, Guam, for plaintiffs-appellants.

F. Randall Cunliffe, Agana, Guam, for defendant-appellee.

Before WRIGHT, HUG and NELSON, Circuit Judges.

## PER CURIAM:

Sun Cha Allen failed to make timely rental payments on property leased from Eduard Falk. Falk brought an unlawful detainer action in the Superior Court of Guam for back rent and treble damages. When Allen did not appear at the hearing, the court entered a default judgment against her. Five months later, Allen moved under Fed.R.Civ.P. 60(b) to set aside the judgment. The trial court denied her motion but the District Court of Guam, Appellate Division, granted it. We affirm the order of the Appellate Division.

## FACTS AND PROCEDURAL BACKGROUND

In December 1980, Allen leased a store from Falk for $1350 per month. In February and March 1981, Allen fell behind in rent payments. After serving Allen with a five-day notice to pay or surrender the premises, Falk filed an unlawful detainer action in the Superior Court of Guam on April 5. On April 10, Allen tendered $2700 for rent due, which Falk accepted.

Allen continued to occupy the premises and pay rent. On October 7, Falk notified Allen that she was delinquent in her September and October rent and that he intended to proceed on the unlawful detainer action filed in April. The April complaint was not amended to allege nonpayment for September and October, and Allen was not served with a five-day notice to pay as required by Guam Code Civ.Pro. § 1161. Allen did not respond and failed to appear at a court hearing on October 21. The court entered a default judgment against her for two months rent plus treble damages.

Allen went to Korea for medical treatment on October 22, 1981, and remained there until December 19. During that period, Falk repossessed the premises and sold Allen's goods at a marshal's sale, realizing $3,505 towards satisfying his judgment. Falk also signed a lease with a new tenant, who entered the premises effective January 1, 1982.

On March 26, Allen filed a motion in Superior Court for relief from default judgment pursuant to Fed.R.Civ.P. 60(b). The court denied her motion. She then appealed to a three judge panel of the District Court of Guam, Appellate Division, and that court reversed. Falk asks this court to reinstate the decision of the Superior Court.

## STANDARD OF REVIEW

The Appellate Division reviews a trial court's decision granting or denying a motion for relief from judgment for an abuse of discretion. *See SEC v. Seaboard Corp.,* 666 F.2d 414, 415 (9th Cir.1982). This court in turn reviews the decision of the Appel-

late Division, which is a local court of a United States territory, for clear error. *See Gumataotao v. Government of Guam*, 322 F.2d 580, 582 (9th Cir.1963).

DISCUSSION

### A. The Test to Be Applied

Fed.R.Civ.P. 60(b) provides for relief from judgment in certain circumstances. Subsection (b)(1) lists "mistake, inadvertence, surprise or excusable neglect" as possible grounds. Subsection (b)(6) refers to "any other reason justifying relief from the operation of the judgment." Relief under (b)(1) requires that the motion be made within one year from the date of the judgment; a motion pursuant to (b)(6) must be made only within "a reasonable time." Since we find that Allen's motion was filed within both one year and a reasonable time, we need not choose between the two subsections in reaching our decision. *See Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir.1982) ("*Feliciano*"); 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 60.27[1] at 346 (2nd ed. 1982).

We have articulated two policy concerns which guide our review of Allen's motion under Rule 60(b). First, Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied. *See Butner v. Neustadter*, 324 F.2d 783, 786 (9th Cir.1963). Second, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits. *See Schwab v. Bullocks, Inc.*, 508 F.2d 353, 355 (9th Cir.1974). We note, however, that these concerns are not intended to allow challenges to the correctness of the judgment itself. *See Inryco, Inc. v. Metropolitan Engineering Co. Inc.*, 708 F.2d 1225, 1230 (7th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 347, 78 L.Ed.2d 313 (1983). A Rule 60(b) motion to vacate should not be treated as a substitute for an appeal. *De Filippis v. United States*, 567 F.2d 341, 342 (7th Cir.1977).

We agree with the Third Circuit that three factors should be evaluated in considering a motion to reopen a default

judgment under Rule 60(b): (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. *See Gross v. Stereo Component Systems*, 700 F.2d 120, 122 (3d Cir.1983) ("*Gross*"); *see also United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983) (adopting Third Circuit test).

### B. Applying the Test

First, we find that Falk will not be prejudiced by the opening of the judgment. The standard is whether his ability to pursue his claim will be hindered. *See Gross, supra*, 700 F.2d at 123. Falk argues that he would be prejudiced because his new tenant might be displaced. The trial court, however, has the power to impose conditions on the scope of the reopened suit to prevent prejudice. *See Feliciano, supra*, 691 F.2d at 657. Allen indicated at the motion hearing that she seeks only the recovery of the treble damages assessed against her. Restricting the suit to this issue would eliminate any possibility of displacing Falk's new tenant.

Second, we agree with the Appellate Division that Allen has a meritorious defense to the default judgment. Allen points out that Falk repeatedly accepted her late rental payments. The Guam and California statutes providing for unlawful detainer actions are virtually identical. *Compare* Guam Code Civ.P. § 1161 *with* Cal.Civ.Proc.Code § 1161. Under California law, Falk's acceptance may amount to waiver of the breach and preclude forfeiture of the lease. *See Kern Sunset Oil Co. v. Good Roads Oil Co.*, 214 Cal. 435, 440, 6 P.2d 71 (1931). At a minimum, the complaint filed in connection with Allen's April breach cannot constitute the basis for the October proceeding. Falk should have filed a new action and served Allen with notice providing her five full days to cure her September breach. Falk's letter of October 7, therefore, did not afford Allen proper notice. *See, e.g., Davidson v.*

**464**

*Quinn,* 188 Cal.Rptr. 421, 138 Cal.App.3d Supp. 9 (Cal.App. Dep't Super.Ct.1982).·

 Third, we believe that Allen's conduct was not culpable. On a Rule 60(b) motion, this court will accept the allegations of the movant's factual statement. *In re Stone,* 588 F.2d 1316, 1319 (10th Cir.1978). According to her affidavit, Allen failed to appear at the October 21 hearing because she was leaving for Korea the next day. Nor did she, by waiting until March to seek relief from the judgment, engage in unreasonable delay. Her affidavit asserts that she did not return from Korea until the end of· December. Moreover, after she learned about Falk's judgment, she had difficulty finding counsel because the local legal aid office declined to assist her.

We affirm the holding of the Appellate Division that Allen is entitled to relief from the default judgment obtained by her landlord. The reopened suit, however, should address only the issue whether Allen is liable for treble damages.

AFFIRMED.