**Decided June 27, 1986**

F I L E D
Clerk
District Court

JUN 2 7 1986

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

PEOPLE OF MICRONESIA, INC.,          )     CIVIL ACTION NO. 85-0002
et al.,                              )
                                     )
                    Plaintiffs,      )
                                     )
              vs.                    )          DECISION
                                     )
CONTINENTAL AIR LINES, INC.          )
et al.,                              )
                                     )
                    Defendants.      )
                                     )

In September, 1983, Continental Airlines, Inc. filed a petition for reorganization in the Houston Bankruptcy Court. On January 18, 1985, People of Micronesia, Inc., Conrado L.G. Crisostomo, Russ Curtis, and Larry Hillblom (hereinafter collectively referred to as POM) filed Civil Action No. 85-0002 in this Court seeking damages and declaratory and injunctive relief against Continental Airlines, Inc., Texas Air Corporation, Frank Lorenzo, Daniel Purse, Phillip Bates, Barry Simon, the Federated States of Micronesia, David Nevitt, Barry Israel, United Micronesia Development Association (UMDA), Andon T. Amaraich, Isidoro Rudimch, Arthur Ivons, J. Thomas Utley, Edward Cotter, Donald C. Williams, and Air Micronesia, Inc. The suit alleged that the defendants had violated the Securities Exchange Act, the Foreign Corrupt Practices Act, and the Racketeer Influenced Corrupt Organization Act.

AO 73
(Rev 8/82)

741

On January 30, 1985, Continental obtained a preliminary injunction from the Houston Bankruptcy Court which purported to prohibit POM from prosecuting CV 85-0002. On February 1, 1985, POM filed a petition for removal of CV 85-0002 to the Bankruptcy Court of the Northern Mariana Islands. The case was docketed BK 85-00002.

On June 17, 1985, POM moved for entry of default in BK 85-00002 against Texas Air Corporation, Frank Lorenzo, Phillip Bates, Barry Simon, David Nevitt, Barry Israel, Donald C. Williams, and Air Micronesia, Inc. POM cited defendants' failure to plead as the ground for the default. The Clerk of Court entered a default against the defendants on June 18, 1985.

On February 10, 1986, counsel for defendants Continental Air Lines, Inc., Texas Air Corporation, Frank Lorenzo, Phillip Bates, Barry Simon and Donald C. Williams (hereinafter Continental), filed Motions to Set Aside Defaults, Vacate Judgments, Dismiss Adversary Proceedings, and Establish Time for Moving or Answering. These motions were accompanied by a Memorandum of Points and Authorities and several volumes of affidavits and exhibits. The memorandum specifically and comprehensively addressed the issue of setting aside the defaults. However, in the accompanying notice only the motion to stay the proceedings was set for hearing.

On March 4, 1986, the Attorney General of the Federated States of Micronesia (FSM), representing David Nevitt and Barry Israel, filed a Motion to Set Aside the Entry of Default and Stay

Further Proceedings. This motion was accompanied by a memorandum. A notice of the motion was also filed. This notice set these motions for hearing at the "same time as the motions of the 'Continental defendants'...".

These matters were heard by the Court on March 26, 1986. During the hearing, Continental informed the Court that it wished to be heard only on its motion to stay the proceedings. This position was based on its assertion that it had noticed only that motion. POM vehemently disagreed.

A careful reading of Continental's Notice of Motion filed February 10, 1986, shows that Continental is correct. Only the motion to stay proceedings was noticed for hearing. This Court's practice has been to hear only those motions which are properly noticed. The Court will not address Continental's motion to set aside defaults, dismiss adversary proceedings, and establish time for moving or answering until these motions have been properly noticed and heard.

The FSM properly noticed its motion to set aside the defaults and stay further proceedings. The Court will entertain this motion.

///
///
///
///
///.
///

AO 72
'Rev. 8/82)

743

## I. The Attempted Removal

Preliminarily, there is an issue regarding the propriety of POM's removal petition. On February 1, 1985, POM attempted to remove CV 85-0002 to the Bankruptcy Court. The petition was filed pursuant to Title 28 U.S.C. §1478. This section had been repealed[1]/ at the time of POM's petition. POM argues that this is of no import and that it does not affect proceedings subsequent to the petition. Continental argues that all proceedings following the petition are void.

POM's attempt to remove CV 85-0002 to the Bankruptcy Court pursuant to Title 28 U.S.C. §1478 was without force and effect. This section was not operative when POM filed its petition. It was technically and legally impossible for POM to accomplish removal under this section at that time.

However, this did not affect the proceedings subsequent to this attempt. In 1984, Public Law No. 98-454, the "Omnibus Territorial Act for 1984," was signed into law. Title XI, §902(a) of this law states:

> The District Court for the Northern Mariana Islands shall have the jurisdiction of a District Court of the United States, including, but not limited to, the diversity jurisdiction provided for in Section 1332 of Title 28, United States Code, and that of a bankruptcy court of the United States. (emphasis added)

---

[1]/ 28 U.S.C. §1478 was implicitly repealed by Pub.L.No. 98-353 (1984).

On September 15, 1985, Local Rule 700-1 took effect. This rule created the Bankruptcy Division of the District Court for the Northern Mariana Islands.

This Court does not now, nor did it previously, view the Bankruptcy Division as a separate and distinct court. The Bankruptcy Division of the District Court is no different than the Criminal or Civil Divisions of the District Court. They are divisions of one court, administered by a single judge.

When a petition is filed in the district court under 11 U.S.C. §101 et seq. there is no referral to a bankruptcy judge. The case is docketed with a bankruptcy caption and filed in the bankruptcy division. But, the case is heard by the district court judge. District courts throughout the United States retain the option to exercise this same jurisdiction. They choose not to in most instances. The district court's jurisdiction is not altered by an improper attempt to remove a case from one division to another. The district judge continues to sit as a district judge. Therefore, POM's improper attempt to remove CV 85-0002 to the Bankruptcy Court does not alter the results that have transpired. The parties will henceforth file all moving papers under CV 85-0002. The files will be consolidated and BK 85-00002 will be dismissed.

///
///
///
///

AO 72

## II.   Continental's Motion to Stay Proceedings

At the time Continental filed this motion to stay proceedings Judge Bue had withdrawn his referral of Continental's bankruptcy case from the Houston Bankruptcy Court.   Pending before the Houston District Court were temporary injunctions which prohibited Larry Hillblom, POM, and others from pursuing their claims before any court other than the Houston Bankruptcy Court.   Continental argued that this Court should hold CV 85-0002 in abeyance until Judge Bue decided the propriety of the Houston Bankruptcy Court order.   On May 23, 1986, Judge Bue ruled on these matters.   Continental's motion to stay these proceedings is moot.

## III.   The FSM's Motion to Set Aside the Defaults and Stay Further Proceedings

The FSM's motion to stay proceedings is moot based on the reasons set forth in Section II.

The FSM contends that the defaults against Nevitt and Israel should be set aside.   It argues that these defaults were obtained in violation of the Houston Bankruptcy Court's injunctions.   Further, according to the FSM, its failure to honor the processes of the District Court of the Northern Marianas was not willful.   Finally, the FSM argues that setting aside the defaults will not prejudice plaintiffs.

The Court finds that Israel's and Nevitt's total disregard for the court's processes was the result of willful and culpable neglect.   This finding is based in part on the

746

memorandum in support of the motion to set aside. In this memorandum the FSM states:

> The parties[2] in this action were barred by the series of court orders issued by the Texas Bankruptcy Court from prosecuting this lawsuit. See Exhibits 3-5. The FSM defendants did not respond to the Hillblom complaint because of these orders.

Memorandum in Support of Motion to Set Aside the Entry of Default and to Stay Further Proceedings (FSM Memorandum), filed March 4, 1986, at p. 5.

It has become increasingly apparent to the Court during the course of these proceedings that Israel's and Nevitt's failure to respond to the complaint filed in CV 85-0002 was the result of a tactical decision on their part to circumvent these proceedings by hiding under the umbrella of the Houston Bankruptcy Court's proposed injunctions. Their reliance on the preliminary injunctions of the Houston Bankruptcy Court was misplaced. Further, it was their duty to communicate to this Court their desires to proceed in this manner. Instead, they chose to ignore the complaint and failed to inform the Court of the reasons for their failure to respond to the complaint and seek any protective order from this Court.

---

[2] Neither Nevitt nor Israel was a party in the Houston Bankruptcy Proceedings. The February 1, 1985, Temporary Restraining Order prohibits the "Hillblom parties" from prosecuting, financing, or otherwise promoting CV 85-0002 in the Northern Marianas. See, In Re Continental Air Lines, Inc., Case No. 83-04020-E1-5, and, Continental Airlines, Inc. v. Larry I. Hillblom, People of Micronesia, Inc., Conrado L.G. Crisostomo, Trustee, Conrado L.G. Crisostomo, and Russ Custis, Adversary No. 85-0157-112, Temporary Restraining Order, February 1, 1985, (B.K. S.D. Houston).

AO 72

747

Defendants' argument that they did not respond because POM was enjoined from pursuing this matter is perplexing. Why did Nevitt and Israel choose not to respond to a complaint that their adversary was enjoined from pursuing? The injunction did not prevent Nevitt and Israel from answering. Apparently, they were doing this to protect POM. See, Continental Memorandum[3] at p. 87 (CV 85-0002 should be held in abeyance until the Houston District Court "permits plaintiffs to respond"). But POM, feeling it needed no protection, continued to pursue this matter.

The Ninth Circuit has adopted a three-prong test to determine the propriety of vacating a default judgment. Falk v. Allen, 739 F.2d 461 (9th Cir. 1984). Under Falk, a defendant moving to vacate a default judgment must show that:

(1) plaintiff will not be prejudiced;

(2) defendant has a meritorious defense; and

(3) the default was not the result of defendant's culpable conduct.

Falk, 739 F.2d at 463. A finding that any of these requirements is not met results in denial of the motion. Pena v. Seguros J. Commercial, S.A., 770 F.2d 811, 815 (9th Cir. 1985). The Court will address only the third requirement because that is sufficient to decide the merits of this motion.

_____

[3] The FSM adopted the Continental Memorandum in its Memorandum. FSM Memorandum at p. 26.

748

Defendant Israel was aware of the complaint filed in CV 85-0002. FSM's Memorandum, Affidavit of Barry Israel. His secretary was served in January, 1985. Id. Israel argues that service was defective because his secretary was not authorized to accept service. Id. However, Israel was aware of these proceedings. He does not argue that his secretary failed to deliver the complaint to him. He merely asserts that the complaint was technically defective, presumably under Rule 5 of the Federal Rules of Civil Procedure (FRCP).

It is ironic that an attorney (an officer of this Court) could be so well-versed in FRCP Rule 5, and completely oblivious to FRCP Rule 12. Rule 12 provides that a motion challenging service of process should be made within twenty days of service of the summons and complaint. Rule 12(h) points out that this defense is waived if not pleaded within the statutory time period.

Israel knew this suit was pending. He chose not to respond because he felt the Houston Bankruptcy Court injunctions would shield him, a non-party to that proceeding, from adverse consequences in this Court. This error in judgment now results in a denial of his motion to vacate the default judgments.

Nevitt knew these proceedings were pending. He was personally served. FSM's Memorandum, p. 3 fn. 1. He argues that the summons was defective because it did not put him on notice concerning critical deadlines. Rule 12 is controlling here also. Mr. Nevitt is himself an attorney. There are technical, formal

processes to challenge a defective summons. Ignoring it is not one of them. Like Israel, Nevitt chose not to plead in CV 85-0002 because he felt the Houston Bankruptcy Court's injunctions would protect him. They did not. Neither will this Court.

DATED this 27ᴮ day of June, 1986.

_____
JUDGE ALFRED LAURETA