RICHMARK CORPORATION, a
California corporation,
Plaintiff,

v.

TIMBER FALLING CONSULTANTS,
INC., an Oregon corporation,
Defendant.

TIMBER FALLING CONSULTANTS,
INC., an Oregon corporation,
Counterclaim Plaintiff,

v.

RICHMARK CORPORATION, a Califor-
nia corporation; Peacock Manufactur-
ing Company, Inc., a Texas corpora-
tion; Beijing Ever Bright Ind. Co., a
foreign corporation; Zhu Yuanchang;
Eugene Wang; James Yang; and Fran-
cis Tong, Counterclaim Defendants.

Civ. No. 88–1203–FR.

United States District Court,
D. Oregon.

Oct. 16, 1990.

Thomas V. Dulcich, Kurt F. Hansen, Schwabe, Williamson & Wyatt, Portland, Or., for Richmark Corp.

John F. Neupert, Stephen K. Bushong, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., for Timber Falling Consultants, Inc.

Thomas G.P. Guilbert, J. Marc Abrams, Bogle & Gates, Portland, Or., for Beijing Ever Bright Ind. Co.

## OPINION

FRYE, District Judge:

The matters before the court are:

1. the motion of counterclaim defendant Beijing Ever Bright Ind. Co. (Ever Bright) for relief from default judgment (# 223);

2. the motion of Ever Bright for a protective order restricting discovery by defendant/counterclaim plaintiff, Timber Falling Consultants, Inc. (TFC), (# 224); and

3. the motion of TFC to compel discovery from Ever Bright (# 230).

## BACKGROUND

This action originated as a claim for breach of contract by plaintiff, Richmark Corporation (Richmark) against TFC. In its Amended Answer and Counterclaims, TFC has asserted counterclaims against seven counterclaim defendants, including Ever Bright. Ever Bright is a company located in the People's Republic of China which engages in the import and export trade. Ever Bright was served with the Amended Answer and Counterclaims of TFC on March 20, 1989. Ever Bright did not appear within sixty days, and the court entered an order of default in favor of TFC and against Ever Bright on June 9, 1989.

On June 5, 1990, after all of the claims against the other counterclaim defendants had been resolved, this court entered final judgment against Ever Bright in the amount of $2,194,419.59. Ever Bright subsequently filed an appeal with the Ninth Circuit Court of Appeals, as well as its present motions for relief from the default judgment.

This court recently denied the motion of TFC for an order restraining Ever Bright from selling, transferring or otherwise disposing of its property in the United States until the default judgment is satisfied.

## ANALYSIS AND RULING

1. *Motion for Relief From Default*

█ As a preliminary matter, TFC argues that this court does not have jurisdiction to consider Ever Bright's motion for relief from default because Ever Bright appealed to the Ninth Circuit. In *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769 (9th

Cir.), *cert. denied,* 479 U.S. 987, 107 S.Ct. 580, 93 L.Ed.2d 582 (1986), the Ninth Circuit considered this issue at length. The court held that although the filing of a notice of appeal divests the district court of jurisdiction, a district court may consider a motion under Fed.R.Civ.P. 60(b) without first securing leave from the Ninth Circuit. 790 F.2d at 772–73.

The *Gould* court stated that the proper procedure, once an appeal has been taken, is to ask the district court whether it wishes to entertain the motion or to grant it, and then, if appropriate, move the Ninth Circuit to remand the case. *Id.* at 772. Therefore, this court will consider the motion of Ever Bright on its merits and determine whether to move the Ninth Circuit to remand this case.

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The Ninth Circuit has held that Rule 60(b) is meant to be remedial in nature, and therefore must be liberally applied. *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir.1984). The *Falk* court set out three factors which should be evaluated in considering a motion to set aside a judgment of default under Rule 60(b): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *Id.* at 463–64.

■ The standard for determining whether the plaintiff will be prejudiced is whether its ability to pursue its claim will be hindered if relief is granted. *Id.* In this case, there is no evidence that TFC would not be able to pursue its claim against Ever Bright if the case is reopened.

Ever Bright contends that it has not one but three meritorious defenses: that this court lacks personal jurisdiction over it; that the service of process was defective; and that it cannot be held liable on the contract claims of TFC because Ever Bright did not contract with TFC or enter into an agency or joint venture relationship with Richmark.

■ TFC claims that Ever Bright is an "agency or instrumentality" of the People's Republic of China, and is therefore subject to the personal jurisdiction of this court under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1603(b). An agency or instrumentality of a foreign state includes any entity which is a separate legal person, corporate or otherwise, and which is an organ of a foreign state or is an entity, the majority of whose shares or other ownership interest is owned by a foreign state. *Id.*

TFC points to statements made by witnesses in depositions, newspaper and magazine articles, and to promotional materials published by Ever Bright which describe Ever Bright as:

> a state-owned comprehensive corporation with independent accounting and sole responsibility for its profits and losses and functions as a domestic import and export company.... BEBIC's goal is to develop foreign trade and foreign economic and technical cooperation of various forms in the service of the nation's modernization program, strictly in compliance with the laws and administrative statutes of the People's Republic of China and under the guidance of state policies and plans.

Exhibit A to Affidavit of John F. Neupert, p. 3.

Ever Bright contends that it is not an agency or instrumentality of the People's

Republic of China. Ever Bright relies on materials which refer to it as a member of the Everbright Group, an entity which was established by China Everbright Holdings Company Limited, "a large non-governmental company" incorporated in Hong Kong. Exhibit F to Affidavit of John F. Neupert, p. 5. However, these materials do not suggest that Ever Bright is not owned or controlled by the People's Republic of China. In fact, they include the statement that China Everbright was founded with the backing of the government of the People's Republic of China. *Id.*

Thus, the evidence strongly supports the conclusion that Ever Bright is an agency or instrumentality of the People's Republic of China and therefore subject to the personal jurisdiction of this court under the FSIA. Ever Bright has not submitted evidence sufficient to create a factual question as to this issue. Therefore, the court would find that Ever Bright is an agency or instrumentality of the People's Republic of China and that this court has personal jurisdiction over it.

■ Ever Bright contends, however, that even if the court finds that the FSIA applies to it, TFC cannot show that Ever Bright has the minimum contacts with the State of Oregon to permit this court to exercise personal jurisdiction over it. Under the FSIA, personal jurisdiction may be exercised by a court over an agency or instrumentality of a foreign government which engages in commercial activity which creates minimum contacts with the United States as a whole, not merely with the forum state, such as the State of Oregon. *Meadows v. Dominican Republic,* 817 F.2d 517, 523 (9th Cir.), *cert. denied,* 484 U.S. 976, 108 S.Ct. 486, 98 L.Ed.2d 485 (1987). The evidence submitted by the parties indicates that Ever Bright has engaged in commercial activity in the United States which would allow this court to exercise general jurisdiction over Ever Bright. Moreover, Ever Bright has had significant contacts with the State of California and with the State of Oregon in connection with this transaction, by contracting with Richmark, a California corporation; by meeting with Richmark in the State of California; and by sending a ship to the State of Oregon for the export of logs.

■ Although a party seeking to set aside a judgment of default need not prove its defenses by a preponderance of the evidence, the party must produce competent evidence that tends to establish a factual or legal basis for the tendered defense. *Babler v. Gray's Int'l of Oregon, Inc.,* Civil No. 88–495–FR, 1988 WL 121257 (D.Or. Nov. 3, 1988). Ever Bright has failed to produce evidence that tends to establish its defense of lack of personal jurisdiction.

Ever Bright's defense of defective service is based upon its contention that it is not subject to jurisdiction under the FSIA. Ever Bright does not contest that it was properly served under the FSIA, 28 U.S.C. § 1608, if the FSIA is applicable to it. Therefore, as Ever Bright has failed to present a meritorious defense to personal jurisdiction under the FSIA, Ever Bright's claim of defective service must also fail.

■ With respect to the defense on the merits raised by Ever Bright, TFC concedes that it did not contract directly with Ever Bright. TFC argues, however, that Ever Bright may be held liable because it employed Richmark as its agent or because Ever Bright was involved in a joint venture or partnership with Richmark. Ever Bright contradicts these allegations in the "Certification" of Liu Yan–Sheng, an attorney employed in the legal department of Ever Bright. This "Certification" is consistent in form with an affidavit or declaration under oath, and will be treated as such. The exhibits submitted by the parties are consistent with the position of Ever Bright that it contracted with Richmark as the seller of the logs in question.

As stated above, a party seeking to set aside a judgment of default need not prove its defenses by a preponderance of the evidence, but must simply produce competent evidence that tends to establish a factual or legal basis for the tendered defense. Ever Bright has produced such evidence, and therefore meets the requirement under

Rule 60(b) that it show a meritorious defense.

■ Finally, the court must determine whether the judgment of default was entered as the result of the culpable conduct of Ever Bright. Ever Bright contends that its failure to respond to the counterclaims was due to circumstances beyond its control in the People's Republic of China, including the upheaval associated with the confrontation on Tiananmen Square in the Spring of 1989.

In his affidavit, Liu states that after receiving the summons and complaint, Ever Bright decided to send Liu to the United States to retain counsel to defend Ever Bright; that Liu applied for an exit permit from the government of China in April, 1989; that the application for an exit permit was denied because the government of China felt it was improper for a Chinese entity to appear in a foreign court if service had not been properly made; that the government of China granted permission for Liu to resubmit his application after Liu argued that there was the risk of a default judgment if Ever Bright did not respond; that the events relating to Tiananmen Square disrupted normal business activities during the period from early May to late July, 1989; that after the disruption subsided, Liu resubmitted his application, but did not receive an exit permit until December, 1989; and that Liu then applied to the United States Consulate for a business visa, but this application was denied in March, 1990.

The court accepts the fact that public events in the People's Republic of China disrupted the conduct of business in Beijing in 1989, and has disrupted relations between the United States and the People's Republic of China to the present time. However, Ever Bright does not present evidence that it made any other efforts to respond to the claims of TFC, or to secure an extension of time from TFC, despite Liu's admitted knowledge that failure to respond could result in a default judgment. On the other hand, TFC has presented evidence that during this same period of time, Ever Bright was able to secure counsel in the States of Washington and New York to deal with other matters. Ever Bright has submitted no evidence showing why it could not have acted through such counsel or why it could not have communicated with the court by mail or other means during the period of more than a year between the time it was served and the entry of the final judgment.

The facts in this case are similar to those in *Meadows v. Dominican Republic, supra,* 817 F.2d at 521–22, where the Ninth Circuit found that the failure of the Dominican Republic to respond to a complaint was culpable conduct because the Dominican Republic had been given warnings of the legal consequences that could follow an order of default. Although Rule 60(b) is meant to be liberally applied, relief is not proper under Rule 60(b) where the defaulting party had actual notice of the summons and complaint and was aware of the dangers of ignoring service of process. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.,* 840 F.2d 685, 690 (9th Cir.1988).

Therefore, the court finds that the behavior of Ever Bright does not constitute excusable neglect, and therefore Ever Bright fails to meet the requirements for relief under Rule 60(b). The court is not inclined to entertain the motion of Ever Bright for relief under Rule 60(b) and therefore declines to recommend to the Ninth Circuit that it remand the case to this court.

## 2. *Discovery Motions*

TFC moves to compel discovery from Ever Bright, and Ever Bright moves for a protective order restricting such discovery. TFC seeks to require Ever Bright to answer TFC's first and second sets of interrogatories, to produce the documents requested in TFC's notice of deposition and request for production of documents, and to produce representatives for deposition. All of these discovery requests are connected with the enforcement of the judgment of default entered against Ever Bright.

■ Ever Bright's motion for a protective order is moot as Ever Bright sought

only to prevent discovery pending the decision of this court on Ever Bright's motion for relief from default. Ever Bright has not posted a supersedeas bond, so TFC is free to attempt to enforce its judgment during the pendency of Ever Bright's appeal. Therefore, the motion of TFC to compel the above-described discovery is granted. In light of the practical difficulties posed by travel to. and from the People's Republic of China, the parties are instructed to confer and attempt to reach an agreement regarding the times and places for the taking of depositions.

## CONCLUSION

Ever Bright's motion for relief under Rule 60(b) (# 223) is denied. Ever Bright's motion for a protective order (# 224) is deemed moot. TFC's motion to compel discovery from Ever Bright (# 230) is granted.