Takehara TOKUDA, Plaintiff–Appellee,

v.

Su Shing HUANG, Defendant–Appellant.

Civil No. 94–00030A.

District Court of Guam,
Appellate Division.

Feb. 16, 1995.

Michael J. Berman, Agana, Guam, for plaintiff-appellee.

Joseph M. Conboy, McCully, Lannen, Beggs & Melancon, Agana, Guam, for defendant-appellant.

Before: JOHN S. UNPINGCO, District Judge, ALFRED T. GOODWIN[1], Circuit Judge, and ALEX R. MUNSON[2], District Judge.

GOODWIN, Circuit Judge:

The principal question in this appeal is whether the Superior Court abused its discretion in refusing to set aside a default judgment after Su Shing Huang, the defaulting defendant, made a substantial showing that she had a meritorious defense to at least part of plaintiff Takehara Tokuda's claim. We have concluded that the Superior Court did abuse its discretion, so we vacate the default judgment.

I.

Plaintiff made a $40,000 cash deposit on an offer to buy a tract of land at a fixed price, with escrow to close one year from the date of deposit. Plaintiff agreed to pay $300,000 on the close of escrow and the balance of $1,045,100 within two years of closing. Defendant, who had an option through December 31, 1992 to buy the land from a third party, agreed to furnish clear title and a survey at her expense. Plaintiff, by letter dated November 16, 1992, attempted to rescind the sale, and demanded the immediate return of his deposit. Plaintiff's letter claimed that the defendant had represented to him that the land adjoined a golf course, a representation that apparently was false.

By letter mailed to plaintiff's attorney on November 19, 1992, the defendant denied making the oral representations allegedly relied upon by the plaintiff in making his offer,

---

1. The Honorable Alfred T. Goodwin, Senior Circuit Judge, U.S. Court of Appeals for the Ninth Circuit, sitting by designation.

2. The Honorable Alex R. Munson, District Judge, U.S. District Court for the Northern Mariana Islands, sitting by designation.

and denied authorizing anyone to act as her agent. The defendant's letter also denied that any agency relation existed between her and one Romy Brantley, who had prepared the papers for the plaintiff's offer.

Thus, about six weeks before the expiration of the defendant's option to buy the land, both parties knew that the deal was in trouble. The plaintiff wanted out because, he claimed, he had relied upon the land being adjacent to a golf course. He also claimed that a title search had revealed that the defendant did not own the land. The defendant's letter said she had paid $20,000 for an option with six weeks left to run.

Meanwhile, on December 2, 1992, plaintiff's then-attorney filed in Superior Court a complaint alleging fraud and breach of contract. Plaintiff prayed for a refund of his deposit, general damages of $10,000 and punitive damages. Nothing further appears in the case file until March 24, 1993, when plaintiff's present counsel entered the case. Shortly thereafter, a process server attempted to serve the defendant at a cosmetics concession which she owned in Gibson's Shopping Center. Apparently the process server made nine trips to Gibson's and each time learned that the defendant was either "off island" or "not present."

Defendant's mail address was, and for many years had been, a post office box. A certified return receipt mailing to that address was returned to plaintiff's counsel, unclaimed. Defendant owned and paid taxes on numerous pieces of property, owned several businesses, and had business licenses and motor vehicle registrations in her own name. She resided at a house at 242 Father Ramon Street, Perezville, Tamuning, although there is nothing in the record to show that this address was listed anywhere.

The plaintiff's present counsel filed a purported affidavit in support of a motion for an order authorizing publication of summons. The operative language on the subject of due diligence is as follows: "After due and diligent search defendant cannot be located through marshal service. Defendant must be served with summons by publication...."

After the plaintiff began collection attempts on the default judgment for the $40,000, costs, and attorney fees, *and* $50,000 in punitive damages, the defendant filed motions in Superior Court pursuant to Guam R.Civ.P. 55(c) and 60(b). This appeal challenges the service by publication, and the resulting judgment. Because the defendant did not argue in the Superior Court that the order for publication of summons was void for noncompliance with Guam Code Ann. § 14106, it is not necessary for this Court at this time to decide whether the Superior Court erred as a matter of law in entering the default judgment.

II.

Turning to the motion for relief from default filed under Guam Rules of Civil Procedure and the correspondingly numbered Federal Rules 55(c) and 60(b), we hold that the Superior Court abused its discretion in denying relief.

A leading Ninth Circuit case on relief from default judgment is *Falk v. Allen*, 739 F.2d 461 (9th Cir.1984). Because the case is also from Guam, it is also authority on the standard of review by the Appellate Division of this Court. We review the Superior Court's order for abuse of discretion.

The Superior Court does not appear to have considered the statutory and due process questions, but simply denied the motion for relief from default without comment. The Superior Court is presumed to have given the motion for service by publication judicial scrutiny. However, as we said in *Falk*, Rule 60(b) is remedial in nature and therefore must be "liberally applied." 739 F.2d at 463. The Rule 60(b) motion for relief from default presents additional questions beyond the "true or false" inquiry under Guam Code Ann. § 14106. The Superior Court was impressed, but not favorably, with the defendant's realization, after her bank account was seized, that perhaps she should not have tried to solve the problem of the plaintiff's demand by ignoring it. The court did not explain its reasoning, but apparently signed orders as they were handed up by plaintiff's counsel. While we may affirm a discretionary ruling if any grounds appear in

the record in support of it, we have been unable to locate anything in the record to justify punitive damages.

Here, the principal *Falk* question is whether the appellant has tendered a meritorious defense to the plaintiff's action to recover the refund of a deposit plus general and punitive damages.

The plaintiff claims that the defendant owed him money. The defendant claims that the plaintiff's unjustified attempt to rescind the agreement, if any was entered into, cost her $20,000. These claims should be handled on their merits, not by default. The defendant's motion papers tend to show that she may have some defenses to parts of the plaintiff's claim. Her affidavit in support of her motion, and attached documents, raise a number of questions whether an enforceable real estate transaction was ever agreed to. We express no opinion on the merits of these defenses; that matter is for trial if the parties are unable to settle their dispute. We do note that these possible defenses do not appear to carry with them an unconditional right to keep the entire down payment.

■ Now for the matter of the punitive damages: Their assessment was not supported by the record. The defendant had no duty to run down to the office of the plaintiff's attorney to accept service of summons. If she was, in fact, hiding out to avoid service, the consequences of that behavior are, *inter alia,* service by publication, not punitive damages.

### III.

Again, expressing no opinion on the merits, we vacate the default judgment and remand the cause to the Superior Court for further proceedings, no party to recover costs in this Court.