**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert Michael SCHARRINGHAUSEN,**
**Defendant–Appellant.**

No. 05–55361.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 12, 2007 *.

Filed March 7, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

FED. R. APP. P. 34(a)(2).

John A. Dudeck, Jr., Esq., Bruce Ellisen, Esq., Jeremy N. Hendon, DOJ—U.S Department of Justice Tax Division, Washington, DC, for Plaintiff–Appellee.

Richard Leo Fahey, Esq., Lieb & Lieb, San Diego, CA, for Defendant–Appellant.

Before: CANBY and THOMAS, Circuit Judges, and CONLON,** District Judge.

## MEMORANDUM ***

Robert Scharringhausen appeals the district court's denial of his motion to set aside default judgment in this tax collection suit. Because the parties are familiar with the factual and procedural history of the case, we need not restate it here.

A district court has discretion to set aside default judgments in cases of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Three factors are central to the analysis: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether the reopening of the default judgment would prejudice the plaintiff. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984); *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir.2001). Accepting Scharringhausen's allegations as true, the district court found each factor weighed against vacating the default. Denial of a Rule 60(b) motion is reviewed for abuse of discretion. *Bateman v. U.S. Postal Servs.*, 231 F.3d 1220, 1223 (9th Cir.2000); *United States v. Washington*, 98 F.3d 1159, 1163 (9th Cir.1996).

▪ Scharringhausen failed to take any action in this collection suit until more than a year after default was entered. The record supports the district court's finding that he ignored a personally-served complaint and numerous motions, hearing notices, discovery requests, and court orders. After considering Scharringhausen's extensive litigation experience, the district court reasonably rejected the contention that his undue delay should be excused because he relied on incorrect legal advice that no response to the lawsuit was required.

▪ Nor did Scharringhausen proffer a meritorious defense. *TCI Group*, 244 F.3d at 700. He asserted an estoppel defense, but he did not offer any evidence of government misconduct. *Pauly v. U.S. Dep't of Agric.*, 348 F.3d 1143, 1149 (9th Cir. 2003). His due process argument failed because he did not file an appearance and

---

** The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

therefore was not entitled to notice of the default judgment. *Civic Ctr. Square, Inc. v. Ford (In re Roxford Foods, Inc.),* 12 F.3d 875, 879 (9th Cir.1993).

In light of information that Scharringhausen might be concealing assets, the district court concluded that reopening the case would cause further delay and could prejudice the United States in collecting taxes from him.

Denial of the Rule 60(b) motion was not an abuse of discretion.

**AFFIRMED.**