**NOT FOR PUBLICATION**

MAR 18 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-55365 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-01887-DOC-JC |
| v. | |
| ASSORTED FIREARMS, MOTORCYCLES AND OTHER PERSONAL PROPERTY, | MEMORANDUM* |
| Defendant, | |
| and | |
| JUAN ALFRED GONZALEZ, | |
| Claimant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-55723 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-01887-DOC-JC |
| v. | |
| ASSORTED FIREARMS, MOTORCYCLES AND OTHER PERSONAL PROPERTY, | |

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendant,

and

GARY GUERRERO; et al.,

Claimants - Appellants.

Appeals from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted February 12, 2015[**]
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges and MOLLOY,[***] Senior District Judge.

Pro se appellant Juan Gonzalez and appellants Jay Aguallo, Jose Borboa, Gary Guerrero, Robert Medrano, Jose Padilla, Jerome Pontod, Harry Reynolds, II, and Frederick Widmayer (collectively, "Claimants") appeal the district court's orders denying their requests to set aside default and ordering default judgment in a civil forfeiture proceeding against motorcycles, firearms, and other personal

[**] The panel unanimously concludes that *United States v. Gonzalez*, No. 13-55365, is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Donald W. Molloy, Senior United States District Judge for the District of Montana, sitting by designation.

property.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm in part and reverse in part.

1. The district court did not abuse its discretion in denying Widmayer's request to set aside default as to various firearms, ammunition, and jewelry, and in ordering default judgment as to that property.  Widmayer filed a timely claim and answer seeking the return of two motorcycles.  He settled that claim during the pendency of proceedings, received his two motorcycles, and stipulated to "withdraw his claim to any of the remaining assets in this action" on May 17, 2012.  The district court therefore acted within its discretion when it held him to his release of further claims to seized property.

2. The district court applied an incorrect legal standard in evaluating the other Claimants' requests to set aside a default under Federal Rule of Civil Procedure 55(c).  To determine whether good cause warrants setting aside an entry of default, district courts must consider the three factors we identified in *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam).  *See United States v. Signed Personal Check No. 730 of Yubran S. Mesle* (*Mesle*), 615 F.3d 1085, 1091 (9th Cir. 2010).  The district court instead analyzed the four factors we use to determine "excusable neglect" under *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).  Moreover, the district

3

court failed to consider that "'judgment by default is a drastic step appropriate only in extreme circumstances,'" and that a case should be decided on the merits whenever possible. *Mesle*, 615 F.3d at 1091 (quoting *Falk*, 739 F.2d at 463). Because the district court applied the wrong legal standard, it abused its discretion. *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

3. We need not remand to allow the district court to apply the correct legal standard. *See Goodson v. Rowland (In re Pintlar Corp.)*, 133 F.3d 1141, 1145 (9th Cir. 1998) ("Remand is not necessary where the issue has been fully briefed on appeal, the record is clear and remand would impose needless additional expense and delay." (internal quotation marks omitted)). Under *Falk*, courts must consider three disjunctive factors in determining whether to set aside a default: (1) whether the defaulting party engaged in culpable conduct that led to the default; (2) whether the defaulting party had no meritorious defense; or (3) whether reopening the default judgment would prejudice the non-defaulting party. *Mesle*, 615 F.3d at 1091. Here, there is no culpable conduct, lack of a meritorious defense, or prejudice to the government.

A defaulting party's conduct is culpable where there is no explanation for the default other than a "devious, deliberate, willful, or bad faith failure to respond." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001).

4

Although certain Claimants did not appear at court-ordered status conferences, and other Claimants did not file timely claims and answers, all Claimants provided good faith explanations for their conduct. For example, one Claimant explained that he *did* attend two status conferences but did not know he had to "check-in" with the clerk. Other Claimants either did not receive notice of the status conferences, did not realize their presence was required, or relied on the representations of others that paperwork had been submitted on their behalf in the forfeiture proceedings. This conduct was at most negligent, not culpable. *See Mesle*, 615 F.3d at 1092.

Claimants also alleged a meritorious defense by pointing out that the government's allegations are insufficient to support its forfeiture claim. *See TCI Grp.*, 244 F.3d at 700. To establish that Claimants' property is subject to forfeiture, the government is required to demonstrate a "substantial connection" between the property and the various drug-trafficking offenses by Mongols gang members. *See* 18 U.S.C. § 983(c)(3). Claimants correctly note that the government's complaint does not allege that their property was used in, or is traceable to, the Mongols' drug-trafficking activities. Nor are there specific allegations that Claimants participated in these activities. To the contrary, in the 3,698 pages of discovery produced by the government in this case, there exists a

single, immaterial, reference to only one of the Claimants.  And only one Claimant was named as a defendant in the criminal prosecution arising from the same activities.

Nor did the government show that it would be prejudiced in any way if the default were set aside.  It merely alleged, without providing any evidence, that the delay caused by reopening the case would make it difficult to gather evidence and identify witnesses.  Delay in itself does not constitute prejudice.  *TCI Grp.*, 244 F.3d at 701.

Because Claimants demonstrated good cause, we set aside the entry of default and vacate the default judgment as to the property of all Claimants, except Widmayer.  Costs on appeal are awarded to Claimants-Appellant, except as to Claimant-Appellant Widmayer, who shall bear his own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**