NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DURALAR TECHNOLOGIES LLC, an Arizona Limited Liability Company,

Plaintiff-Appellee,

v.

PLASMA COATING TECHNOLOGIES, INC., a California Corporation,

Defendant-Appellant.

No.    20-15496

D.C. No. 4:19-cv-00223-JGZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted March 4, 2021[**]
Phoenix, Arizona

Before:  BEA and BUMATAY, Circuit Judges, and CARDONE,[***] District Judge.

Plasma Coating Technologies, Inc. (Plasma) appeals the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

denial of Plasma's motion for relief from entry of default, and a default judgment in favor of Duralar Technologies, LLC (Duralar). The parties are familiar with the facts, so we do not recite them here, except as necessary to provide context to our ruling. We have jurisdiction under 28 U.S.C. § 1291.

Denials of relief from entry of default, and issuances of default judgments, are reviewed for abuse of discretion. *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011). We review related factual findings for clear error. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016).

After Plasma failed timely to respond to Duralar's breach of contract and conversion lawsuit, the district court entered a default against Plasma on May 30, 2019. Duralar moved for a default judgment on June 20, 2019. Approximately six weeks later, Plasma entered its first appearance in this lawsuit on August 5, 2019, when it moved to set aside the district court's entry of default and opposed Duralar's motion for a default judgment. Plasma attributed its delayed initial appearance to the fact that Kamleshwar Upadhya (Upadhya), its owner and president, purportedly suffered his fourth heart attack on April 28, 2019, or roughly four days after he was served with copies of Duralar's complaint.

The district court subsequently ordered Plasma to submit documentation of Upadhya's heart attack, the resulting medical treatments, and the activity restrictions placed upon Upadhya by his physicians. In response, Plasma filed a

declaration in which Upadhya recounted his heart attack.  After a hearing on Duralar's motion for a default judgment, Plasma filed a half-page letter in which Dr. Chickkiah Padmanabhan, a general surgeon, claimed that Upadhya had a heart attack on April 28, 2019.  Upon considering Plasma's supporting documentation, the district court rejected Plasma's explanation for its default and entered a default judgment in favor of Duralar.

1.      Plasma first argues that the district court improperly denied Plasma's motion to set aside the entry of default against it.

District courts can set aside an entry of default if good cause is shown. *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (citing Fed. R. Civ. P. 55(c)).  In deciding whether good cause exists, we analyze the factors that are set out in *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam), namely, whether: (1) culpable conduct by the defendant caused the default at issue; (2) the plaintiff will be prejudiced if the default is set aside; and (3) the defendant has any meritorious defenses.  *Brandt*, 653 F.3d at 1111 (citing *Falk*, 739 F.2d at 463).

Plasma initially contends that the district court made clearly erroneous factual findings in holding that the "culpable conduct" *Falk* factor weighs against setting aside the default.  Here, Plasma specifically challenges the district court's factual finding that Plasma submitted insufficient evidence of Upadhya's heart

3

attack.  After reviewing the record, we conclude that these factual findings are not clearly erroneous.  *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1391 (9th Cir. 1988) ("In determining whether [factual findings] are clearly erroneous, we are directed to scrutinize them in light of the record viewed in its entirety.  If there is evidence in the record to support them, and if, on the entire evidence we feel no mistake has been committed, then these [factual findings] are not clearly erroneous.").  As a result, Plasma's challenge on this front fails.  *See id.*

In addition, Plasma insists the district court abused its discretion in finding that, because Plasma acted in bad faith and Duralar would suffer financial harm if the court set aside the default, the "culpable conduct" and "prejudice" *Falk* factors favor Duralar.  However, the district court applied the correct legal standards in making these determinations, which are supported by inferences that can be drawn from the record.  Thus, the district court did not abuse its discretion in denying Plasma relief from default.  *See Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) ("The abuse of discretion standard requires us to uphold a district court determination that falls within a broad range of permissible conclusions, provided the district court did not apply the law erroneously."); *United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015) (stating that there is no abuse of discretion when a district court decision is supported by inferences that can be drawn from the record).

4

Furthermore, Plasma maintains that the district court abused its discretion in declining to analyze the third *Falk* factor—whether Plasma has meritorious defenses to Duralar's claims—before denying Plasma relief from default. But the *Falk* factors are "disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Aguilar*, 782 F.3d at 1105. Thus, district courts need not base denials of relief from default on the "meritorious defense" *Falk* factor. *See id*. at 1109 (foregoing analysis of the remaining *Falk* factors after finding one factor dispositive). As such, Plasma has not set out a valid justification for reversal here. *See id*.

2.      Plasma next argues that the district court abused its discretion when it entered a default judgment against Plasma.

After a court has entered default against a party, the court determines whether a default judgment is warranted by evaluating the seven factors we set out in *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), specifically: (1) whether the plaintiff might otherwise be prejudiced; (2) the merits of the plaintiff's substantive claims; (3) the adequacy of the plaintiff's then-operative complaint; (4) the amount of money that is at stake in the lawsuit; (5) whether there are any disputes of material fact; (6) the attributability of the default to excusable neglect; and (7) a strong policy preference for deciding cases on the merits. *See NewGen,* 840 F.3d at 616 (citing *Eitel*, 782 F.2d at 1472).

5

The district court found that all of the *Eitel* factors except the seventh and final one weigh against Plasma. Each of these rulings falls within the range of possible conclusions that the district court could have drawn from the facts and information in the record. As such, the district court did not abuse its discretion by entering a default judgment against Plasma. *See Kode*, 596 F.3d at 613.

3. Plasma finally asks us to reverse the district court's award of $69,634.92 in attorneys' fees and costs to Duralar.

Setting aside the fact that entry of a default judgment against Plasma was warranted, the district court found that Duralar had the right to recover such expenses pursuant to the parties' contract. Plasma does not argue that the district court misinterpreted the parties' contract in awarding Duralar its attorneys' fees and costs, or that the amount awarded is improper, so we need not further examine the instant issue. *Greenwood v. FAA*, 28 F.3d 971, 978 (9th Cir. 1994) (citing *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986)) (stating that we usually abstain from evaluating issues not argued in the opening brief). Duralar is therefore entitled to recover these attorneys' fees and costs from Plasma. Furthermore, we note that Duralar is entitled to recover the attorneys' fees and costs that it incurred during this appeal, and we award Duralar these expenses, to be recovered from Plasma. *See* Ninth Circuit Rule 39.1-6; A.R.S. § 12-341.01.

**AFFIRMED**.