**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEMCAP LENDING I, LLC, a Delaware limited liability company, | No. 20-55642 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-01472-JFW-PJW |
| v. | |
| WILLIAM SHANE PERTL, an individual; MINDY J. MONTGOMERY, an individual, | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| BANCCENTRAL NATIONAL ASSOCIATION, a national association; MARTIN MCNEIL, an individual; JONATHON W. DAVIS, an individual; CHRISTOPHER TUCKER, an individual; VAN OSDOL, PC, a Missouri professional corporation; DOES, 1-25, inclusive, | |
| Defendants. | |

Appeal from the United States District Court

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted April 7, 2021
Pasadena, California

Before: W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

William Shane Pertl and Mindy Montgomery (the "Defendants") appeal from the district court's denial of their motion to set aside a default, and its entry of default judgment in favor of GemCap Lending I, LLC ("GemCap") for $19,209,394.28. We review both of the district court's decisions for abuse of discretion. *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause, and it may set aside a final judgment under Rule 60(b)." We have previously explained that the "factors derived from the 'good cause' standard that governs the lifting of entries of default under [Rule] 55(c) govern the vacating of a default judgment under Rule 60(b) as well." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). To determine whether good cause exists to set aside these orders, we consider the three factors drawn from *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984): "(1) whether the

2

party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Mesle*, 615 F.3d at 1091 (internal quotation marks and alterations omitted). This standard is "disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to [have] refuse[d] to set aside the default." *Id.* The district court acted within its discretion when it resolved each of these factors in GemCap's favor.

First, the Defendants' culpable conduct led to the default. The Defendants do not contest that they were served with the original California Superior Court complaint in December 2018, before the suit was removed to federal district court. They requested and were provided with a copy of the amended complaint over e-mail in January 2019, and were personally served with that complaint in August 2019. They were thus aware of the proceedings, yet they did not attempt to answer until after the entry of default in September 2019. In the intervening months, the Defendants sought and obtained an extension to answer the original complaint, they provided sworn declarations in support of removal, and Mr. Pertl's attorney in the related Kansas litigation was updated by GemCap about the suit. The district court permissibly concluded that Defendants intentionally failed to answer in a

3

timely fashion. *See Mesle*, 615 F.3d at 1092 (quoting *TCI*, 224 F.3d at 697) (explaining that conduct is construed as culpable where the defendant "received actual . . . notice of the filing of the action and *intentionally* failed to answer").

Second, the Defendants failed to raise to the district court any potentially meritorious defenses regarding the breach of contract claims upon which the default judgment was based.

Finally, because the Defendants did not raise any potentially meritorious defenses, "nothing but pointless delay can result from reopening the judgment," which would prejudice GemCap. *TCI*, 244 F.3d at 697.

We therefore conclude that the Defendants have not demonstrated good cause to vacate the default judgment or set aside the entry of default.

**AFFIRMED.**

4