**IN RE Raj SINGH, Debtor.**

**Case No. 10–28544–E–13**

United States Bankruptcy Court, E.D. California.

June 1, 2016

Raj Singh, Sacramento, CA, pro se.

**MEMORANDUM OPINION AND DECISION DENYING MOTION TO VACATE PREFILING REVIEW ORDER**

RONALD H. SARGIS, Chief Judge, United States Bankruptcy Court

This court issued a Prefiling Review Order, Dckt. 182,[2] in December 2011 ("Prefil-

**2.** The Order was amended on February 14, 2012, to remove the requirement that Raj Singh pay all of the filing fees for his prior cases and barred Raj Singh from seeking a fee waiver or fee installment authorization in

ing Review Order"), that requires Raj Singh, the Chapter 13 debtor in this case and other prior cases, to obtain authorization to file a new bankruptcy from the chief bankruptcy judge[3] in the district in which Raj Singh seeks to commence a future bankruptcy case during the eight-year period commencing on December 11, 2011. The court's ruling for issuing the Prefiling Review Order (Civil Minutes, Dckt. 130, "Prefiling Ruling") discusses in detail the improper conduct of Raj Singh which was the basis for the court determining that it was necessary and proper to issue the Prefiling Review Order.

Raj Singh filed a Motion to Vacate the Prefiling Review Order. Dckt. 209. The court finds that the arguments presented in the Motion to Vacate and stated by Raj Singh at the hearing for the Motion to Vacate are unpersuasive and not credible. Raj Singh continues to ignore the seriousness of his litigation misconduct and the great burden his meritless actions (bankruptcy cases, adversary proceedings, and contested matters) impose on other parties and the court. Rather, the Motion to Vacate and Raj Singh's arguments at the hearing are grounded in what appears to be Raj Singh's continuing need to use, and abuse, the bankruptcy laws and federal courts as a forum for repeated feckless litigation.

The Motion to Vacate is denied, with the court's findings of fact and conclusions of law stated in the Memorandum Opinion and Decision.[4]

## OVERVIEW OF LITIGATION BY RAJ SINGH AND UNDISCLOSED ALIASES

Raj Singh, as discussed in this Memorandum Opinion and Decision, has been a prolific litigant in this court, pursuing multiple meritless actions. In addition to this bankruptcy court, Raj Singh has repeatedly commenced proceedings in the federal courts and California state courts ("State Courts"), both trial and appellate, to use, and abuse, those courts against his adversaries. In his litigation prosecuted in various forums, Raj Singh advances legally complex, though meritless, arguments. While Raj Singh asserts meritless claims, it is clear that he is a very intelligent person and is not filing the pleadings in error or based on a misunderstanding or non-understanding of the law. Rather, Raj Singh's pleadings demonstrate that he is conversant with federal and state statutory, common law, and complex Federal Constitutional concepts.

From a review of the United States District Court for the Eastern District of California ("District Court") files, Raj Singh's active, extreme litigation activities are not a thing of the past, but his ongoing

a subsequent bankruptcy case during the eight-year period.

**3.** The designation of having the chief judge in the District reviewing the motion for leave to file after reviewing the bankruptcy documents was to ensure that Raj Singh would have another judge, not the judge issuing the Prefiling Review Order, consider such motion. Since the judge who issued the Prefiling Review Order is now the chief bankruptcy judge in this District, consideration of a future motion for leave to file another bankruptcy case will be assigned to one of the former chief

judges or another judge (if a former chief judge is not available) in this District.

**4.** Due to Raj Singh's unavailability pursuant to order of the United States District Court, the court has withheld issuing the ruling and order, which would have commenced the running of the appeal period while Raj Singh may have been unable to act upon his rights. E.D. Cal. No. 15-cv-00287; April 7, 2016 Minute Order to Remand into custody, Dckt. 54, and May 5, 2016 Order for Release from Custody, Dckt. 65.

"advocation." This court has determined from reviewing the District Court files that Raj Singh has been, and is, pursuing multiple (and duplicative) actions in the District Court.

**Use of Undisclosed Aliases to Prosecute Litigation**

Litigation is and has been pursued by Raj Singh using various names and aliases. As admitted by Raj Singh under penalty of perjury in his bankruptcy petition in this case, Raj Singh has "Many" aliases. Petition, Dckt. 1. Though the bankruptcy petition requires the actual names for all of the aliases used by a Debtor to be disclosed, Raj Singh could only answer the question with only: "Many, Short form 'R. Singh.' " *Id.* One inference which could be drawn from only stating "Many," is that Raj Singh has lost track of all the aliases he has used in pursuing litigation and business dealings. Another possible inference is that Raj Singh is intentionally refusing to disclose the names of his "Many" aliases to mislead this court and other courts in which he is pursuing litigation.

A review of the District Court files shows that Raj Singh has and is using the following aliases in his litigation in the District Court:

(1) Ram Singh, and

(2) Raghvendra Singh.

Additionally, through the litigation prosecuted by Raj Singh in this court, it has been disclosed that the California State Courts ("State Courts") have, by final orders and judgments, determined that Raj Singh used the following additional aliases:

(3) Suman Mehta,

(4) Kaus Singh, and

(5) Archana Singh.[5]

While Raj Singh may continue to assert his contention that "no matter what a court says, he is not a person he is not," the State Courts have determined that Raj Singh has used the aliases Suman Mehta, Kaus Singh, and Archana Singh. *Singh v. Lipworth,* 227 Cal.App.4th 813, 174 Cal. Rptr.3d 131 (2014). To the extent that Raj Singh contends that there are other persons with those names who may exist, that does not change the factual determination made by the State Courts that Raj Singh uses those three aliases for himself.

**BANKRUPTCY COURT LITIGATION**

A review of Raj Singh's bankruptcy court litigation, which culminated with the issuance of the Prefiling Review Order, is summarized as follows. Attached to this Ruling as Appendix A is a detailed review, including quotations from pleadings and rulings in this court, to ensure that this Memorandum Opinion and Decision provides a unified analysis of Raj Singh's litigation through multiple bankruptcy cases, adversary proceedings, and contested matters.

**I. 09–44480, Raj Singh Chapter 13 Case ("First Chapter 13 Case")**

Raj Singh's first Chapter 13 case was filed on November 9, 2009, and dismissed on November 25, 2009. On the Petition, Raj Singh failed to disclose the various aliases used in the eight years preceding the commencement of the case, but stated under penalty of perjury that there were, "Many." Bankr.E.D. Cal. Case No. 09–44480, Dckt. 1. Raj Singh further failed to state a required residence or mailing address, but instead provided only a "General Delivery, Sacramento, California" address. *Id.*

---

**5.** The specific actions in which the various aliases have or are being used are identified supra or the Addendum hereto.

**Motion Barring Unnamed Creditor From Asserting Rights**

In this First Chapter 13 case, Raj Singh filed a motion titled "Motion for Order Barring Creditor to Claim Ownership of Subject Property and Request for Stay." *Id.,* Dckts. 9 and 11 (versions of Motion filed twice). The motion improperly failed to name an opposing party, failed to identify any specific property, and improperly sought an *ex parte* injunction anonymously against anyone and everyone in the world.

## II. 09–45778, Raj Singh Chapter 13 Case ("Second Chapter 13 Case")

When the First Chapter 13 Case was dismissed, Raj Singh immediately filed his Second Chapter 13 Case on November 24, 2009. The Second Chapter 13 Case was dismissed on April 5, 2010. In dismissing the Second Chapter 13 Case, the court's findings included the following:

A. Raj Singh's contention that the Chapter 13 Trustee lacked standing to file a motion to dismiss the bankruptcy case was without merit;

B. Raj Singh demonstrated a wholesale failure or intentional disregard of complying with his obligations under the Bankruptcy Code.

C. Further, in addition to the proposed Chapter 13 Plans being facially defective, Raj Singh filed defective documents, including the Petition, Schedules, Form 22C, and Statement of Financial Affairs.

D. The court concluded that this conduct was intentional by Raj Singh.

E. Rather than a Chapter 13 bankruptcy restructure, the court concluded that Raj Singh was attempting to misuse the bankruptcy court to improperly attempt and relitigate with Stephen Lipworth the existing final state court judgments.

This court found that Raj Singh was "[c]learly using, and abusing, the jurisdiction of the federal courts under the Bankruptcy Code as a tool in his arsenal in carrying on the battle which he appears to have lost in the state court." Bankr.E.D. Cal. Case No. 09–45778; Civil Minutes, Dckt. 116.

When Stephen Lipworth sought relief from the automatic stay to enforce his final judgment in State Court, the court determined that Raj Singh's opposition failed to raise any substantive, or even colorable, opposition to that motion. While stating under penalty of perjury that he had no interest in the real property at issue, Raj Singh purported to use the bankruptcy case to protect the rights of other persons, whose names were purported to be the same as the aliases which the State Court determined were those used by Raj Singh. Based on the statements under penalty of perjury and arguments asserted, Raj Singh demonstrated that if Raj Singh was to be believed, he did not have standing under Article III of the United States Constitution. Bankr.E.D. Cal. Case No. 09–45778; Civil Minutes, Dckt. 114.

## III. 10–28544, Raj Singh Chapter 13 Case ("Third Chapter 13 Case")

In the Third Chapter 13 Case, Raj Singh filed a motion for a declaration that he was neither Suman Mehta nor Kaus Singh. Bankr.E.D. Cal. Case No. 10–28544; Motion, Dckt. 11. The motion did not seek relief against any specific person, but merely against all persons in *absentia*. Raj Singh followed this with a motion for sanctions against the Chapter 13 Trustee and Stephen Lipworth. *Id.,* Dckt. 48. Though filed, Raj Singh never set the motion for hearing.

**Second Motion for Sanctions Against Stephen Lipworth**

Raj Singh filed another motion for sanctions against Stephen Lipworth. *Id.,*

Dckt. 63. Raj Singh sought $100,000.00 in sanctions, asserting that Stephen Lipworth violated the automatic stay [6] by levying on a check (in which Raj Singh asserted he had no interest) which had been delivered to the Chapter 13 Trustee by the California Franchise Tax Board as monies being owed to the Raj Singh bankruptcy estate. In the court's ruling denying the motion for sanctions, the court found that the check was made payable to the name of one of Raj Singh's aliases. *Id.*; Civil Minutes, Dckt. 72 at 2. Stephen Lipworth levied on the check believing that the court would, as had previously occurred, just routinely dismiss Raj Singh's Third Chapter 13 Case. Upon learning that the bankruptcy case was not being "routinely dismissed," Mr. Lipworth acted to stop the levy.

**Motion for Sanctions Against the Chapter 13 Trustee**

Raj Singh then filed another motion for sanctions against the Chapter 13 Trustee. *Id.*, Dckt. 76. The court stated that since Raj Singh asserted that he had no interest in the Franchise Tax Board check, Raj Singh thereby showed no interest which he could assert was subject to the automatic stay. Raj Singh continued to argue that he had no interest in the check, while seeking damages for violation of the automatic stay, which would not apply to a check in which Raj Singh had no interest. Raj Singh dismissed the motion at the hearing after reading the tentative ruling and oral argument. *Id.*; Civil Minutes, Dckt. 135.

**Motion for Sanctions Against Wells Fargo Bank**

Raj Singh then sought sanctions against Wells Fargo Bank, N.A. and an unnamed attorney for alleged violations of the automatic stay. *Id.*; Motion, Dckt. 112. In the Motion, Raj Singh alleged that he told Wells Fargo Bank, N.A. that Raj Singh lived at property identified as 4304 Swiss Court, Elk Grove, California ("Swiss Court Property), not at 1625 28th Street, Sacramento, California ("1625 28th Street Property"). Based on informing Wells Fargo Bank, N.A. that he lived at the Swiss Court Property, Raj Singh made a demand for $100,000.00 on actual and punitive damages against Wells Fargo Bank, N.A. and the unnamed attorney.

Raj Singh alleged that Wells Fargo Bank, N.A. violated the stay by: (1) foreclosing on the Swiss Court Property, (2) seeking to evict people from the Swiss Court Property, and (3) attempting to evict Raj Singh. No interest in the Swiss Court Property was listed on Schedules A, B, or G (leases) by Raj Singh. *Id.*; Dckt. 16 at 3–6, 11. The court determined that the Swiss Court Property which Wells Fargo Bank, N.A. sought to obtain possession of after foreclosure, was not Raj Singh's residence as stated by Raj Singh under penalty of perjury for his residence on his Bankruptcy Petition. *Id.*; Civil Minutes, 169. Further, Raj Singh had not filed with the court any notice of a change of address or residence, altering the information provided under penalty of perjury previously in this case. Additionally, the court found that on Schedule C in the bankruptcy case Raj Singh had further stated under penalty of perjury that the 1625 28th Street Property was his residence and he properly claim a homestead exemption in that property, as his residence. *Id.*, Dckt. 16 at 7.[7]

The court further determined that, due to his repeated filing of bankruptcy cases,

---

6. 11 U.S.C. § 362(a).

7. In his prior bankruptcy case filed on November 24, 2009, Raj Singh stated under penalty of perjury on his petition that his street address was 1625 28th Street, Sacramento, California. Bank. E.D. Cal. No. 09–45778; Dckt. 1. Only the 1625 and 1625 ½ 28th Street Property is listed on Schedule A in Case No.

no automatic stay went into effect by operation of law in the Third Chapter 13 Case as provided by Congress in 11 U.S.C. § 362(c)(4). There being no automatic stay, there could be no violation of the non-existent stay.

## Motion for Sanctions Against City of Sacramento

Raj Singh also pursued a motion for sanctions based on an alleged violation of the automatic stay against the City of Sacramento. *Id.*, Dckt. 126. Raj Singh asserted that the City of Sacramento violated the automatic stay by issuing parking tickets, attempting to collect parking tickets, and towing vehicles of Raj Singh which were illegally parked. Raj Singh requested $100,000.00 in sanctions be awarded against the City of Sacramento and another unnamed attorney.

The court denied the Motion on various grounds, including the failure to serve the City of Sacramento. *Id.*; Civil Minutes, Dckt. 161. Raj Singh's allegations included a contention that the City of Sacramento and an attorney for the City of Sacramento had a vendetta against Raj Singh. This vendetta allegedly was based on the enforcement of the parking ordinances for the City of Sacramento and because Raj Singh was prosecuting claims against the City of Sacramento under the Americans with Disabilities Act. Raj Singh did not list such a claim as an asset on Schedule B, which requires the mandatory disclosure of all personal property assets, did not disclose the litigation on his Statement of Financial Affairs, and did not assert having ever prevailed on such a claim in documents filed in his bankruptcy case.

Additionally, the court concluded that Raj Singh failed to show any basis for

09–45778, and no interest in the Swiss Court Property is stated in the Schedules filed in

application of the automatic stay against a governmental entity enforcing criminal laws and ordinances or for issuing sanctions against a governmental entity for enforcing the criminal laws and ordinances.

## Second Motion for Sanctions Against the City of Sacramento

Undeterred by losing the prior motion and the court determining that there was no automatic stay in the Third Chapter 13 Case, Raj Singh filed a second motion for sanctions against the City of Sacramento for alleged violations of the (non-existent) automatic stay. *Id.*, Dckt. 163. Raj Singh merely repeated the same allegations from the prior motion for sanctions.

In denying the second Motion for Sanctions against the City of Sacramento, the court first determined that once again Raj Singh failed to serve the City of Sacramento. *Id.*; Civil Minutes, Dckt. 177. The court again repeated that there was no automatic stay in the Third Chapter 13 Case.

### IV. 09–02810, Adversary Proceeding *Raj Singh v. Stephen Lipworth* (First Adversary Proceeding Against Lipworth)

Raj Singh filed an Adversary Proceeding against Stephen Lipworth. Adv. Proc. No. 09–02810. The Adversary Proceeding was filed on December 16, 2009, and dismissed on April 13, 2010. The court's Memorandum Opinion and Decision to dismiss the Adversary Proceeding without prejudice first determined that Raj Singh affirmatively asserted that he had no rights or interest in the real property which was purported to be the subject of his disputed with Stephen Lipworth. *Id.*, Dckt. 45. Rather, Raj Singh was purporting to assert or vindicate rights of others that case. *Id.*; Dckts. 15, 16.

who were not before the court. Further, that the complaint attempted to have the bankruptcy court "correct" what Raj Singh asserted were errors in final State Court judgments and orders.

### V. 10–02231, Adversary Proceeding *Raj Singh v. Karen Singh*

In this Adversary Proceeding, Raj Singh sued Karen Singh, who has been identified as either Raj Singh's wife or his ex-wife. In the Complaint against Karen Singh, Raj Singh alleges that Karen Singh is a creditor, that Karen Singh is "informed" that Raj Singh is Kaus Singh and Suman Mehta, and, therefore, Raj Singh then requests a declaration from the court that "Raj Singh is neither Kaus Singh nor Suman Mehta." Adv. Proc. No. 10–02231; Complaint, ¶ 5.

On the same day the Complaint was filed, Raj Singh also filed a motion for entry of judgment declaring that he was not either Kaus Singh or Suman Mehta— as if he already knew that Karen Singh was not going to contest the Complaint. *Id.,* Dckt. 6. The court denied this motion, no default of Karen Singh having been entered. *Id.*; Civil Minutes, Dckt. 14.

After the default of Karen Singh was subsequently entered, the court conducted an evidentiary hearing on the motion for entry of default judgment on July 13, 2010. After hearing the testimony of Raj Singh and Karen Singh, the court determined that entry of judgment for Defendant Karen Singh was proper. *Id.*; Order, Dckt. 21. The testimony of Karen Singh at the hearing was that she never contended that Raj Singh was, or used the aliases of, Kaus Singh or Suman Mehta. Karen Singh further testified that she never asserted that Raj Singh was either Kaus Singh or Suman Mehta. The court's findings of fact and conclusions of law are stated on the record, for which no transcript has been obtained by Raj Singh.

Raj Singh then filed a motion for reconsideration of the order granting judgment for the defendant. *Id.,* Dckt. 25. The motion for reconsideration alleges that Raj Singh needs a declaration that he is neither Suman Mehta nor Kaus Singh so that he can discharge the debts of Kaus Singh and Suman Mehta. This is a nonsensical, meritless argument, representative of many meritless arguments asserted by Raj Singh, in that if he obtained a discharge of the debt, then whatever obligation was asserted would be discharged. But if it is determined, contrary to the final decisions of the State Courts, that he is not Suman Mehta or Kaus Singh, then there would be no debt to discharge.

A declaration was filed for Karen Singh. *Id.,* Dckt. 26. In it, Karen Singh never asserts: (1) that she contends Raj Singh is either Suman Mehta or Kaus Singh, nor (2) that she asserts that Raj Singh owes her any obligations, whether as either Raj Singh, Kaus Singh, or Suman Mehta. The court denied the motion to reconsider. *Id.,* Order, Dckt 40. This attempt to sue his wife (or ex-wife) was a thinly veiled attempt at sham litigation, using Karen Singh as the "dummy defendant" to obtain an improper judgment from this court to create a facially false contradiction to the final orders and judgments of the State Court.

### VI. 10–02154, Adversary Proceeding *Raj Singh v. Stephen Lipworth* ("Second Adversary Proceeding Against Lipworth")

This Second Adversary Proceeding Against Lipworth was filed on March 18, 2010, twenty-six days before the court dismissed the First Adversary Proceeding Against Lipworth. At the May 11, 2010 hearing on the motion to dismiss the Second Adversary Proceeding, Raj Singh requested that the court continue the hearing to allow Raj Singh to present

additional briefing in light of the court's extensive tentative ruling and the parties' oral argument. Adv. Proc. No. 10–02154; Civil Minutes, Dckt. 11. The court granted Raj Singh's request for additional time to file supplemental briefs, believing that the request was made in good faith. Rather than filing further briefs, Raj Singh quickly filed a notice of dismissal without prejudice the Adversary Proceeding pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and Federal Rule of Bankruptcy Procedure 7041. In so using the Federal Rule of Civil Procedure, Raj Singh demonstrated his sophisticated litigation experience and knowledge.

In the Tentative Ruling, which is attached to the court's Memorandum Opinion and Decision on the Motion, the court's tentative findings included the following:

A. Raj Singh's contention in the complaint was that notwithstanding the State Court's final judgment and orders, what Raj Singh says is not true (he is not Suman Mehta or Kaus Singh) renders the final State Court judgment and orders invalid.

B. The court found at least ten adversary proceedings and contested matters filed in the bankruptcy cases by Raj Singh in which he sought to obtain a conflicting federal court order to the final State Court judgment and orders.

C. The court determined that Raj Singh had engaged in a pattern of filing bankruptcy cases, adversary proceedings, and contested matters in bad faith.

*Id.*; Tentative Ruling, Dckt. 19.

### VII. 11–02118; Adversary Proceeding by Chapter 13 Trustee, Interpleader

The Chapter 13 Trustee, having received a check from the Franchise Tax Board made payable to one of Raj Singh's aliases, Raghvendra Singh, commenced an interpleader action on February 22, 2011, for all persons who claimed an interest in the check to assert their rights. Raj Singh steadfastly repeated the contention that he had no interest in the check and the check should not be part of his bankruptcy estate. Adv. Proc. No. 11–2118; Raj Singh Answer; Dckt. 15. Raj Singh asserted that the check belonged to his wife (or ex-wife), Karen Singh (the same person against whom he filed the sham adversary proceeding to obtain a determination that "she" should not contend that he was Suman Mehta or Kaus Singh).

### Motion For Violation of Automatic Stay and to Turnover Check to Karen Singh/ Raj Singh

Raj Singh then filed a motion demanding that the check, in which he asserted no rights or interests, to be "returned" and that Raj Singh should be awarded punitive damages. *Id.*, Dckt. 16. In this motion, though asserting that he had no rights or interest in the check, he argued that the check should be given to "Karen Singh/Raj Singh."

In denying Raj Singh's motion for "return" of the check and sanctions, the court first stated, as previously determined, that there was no automatic stay in the Third Chapter 13 Case which could have been violated. *Id.*; Civil Minutes, Dckt. 22. The court denied the motion, which attempted to circumvent the relief sought in the Complaint, the determination of who was entitled to the check issued by the California Franchise Tax Board—a check in which Raj Singh repeated affirmative stated that he had no rights or interest.

### Motion for Order to Show Cause

After denial of the prior Motion, Raj Singh filed another motion requesting that

the court issue an Order to Show Cause and refer the case to the California State Bar and American Bar Association. *Id.,* Dckt. 28. The allegations stated by Raj Singh in the Motion for an Order to Show Cause include a contention that Mr. Lipworth and his attorneys misstated Raj Singh's conduct, and therefore, this court should allow Raj Singh to have those matters determined by the California State Bar and the American Bar Association. Raj Singh continued his drumbeat that the State Court final judgments and orders were wrong, and therefore it was improper for Mr. Lipworth to have his rights thereunder asserted. He further accused Mr. Lipworth and his attorney of "terrorism."

The court denied this Motion for an Order to Show Cause, first determining that the motion was not a responsive pleading, as required by Federal Rule of Civil Procedure 12 and Federal Rule of Bankruptcy Procedure 7012, to the complaint, but asserted a collateral matter. *Id.*; Civil Minutes, Dckt. 36. Second, the motion was merely another attempt to re-litigate the final rulings on issues which Raj Singh had lost years before in State Court—that he used the aliases Suman Mehta and Kaus Singh to hold title to certain real property.

### Default of Karen Singh—Raj Singh Purporting to Litigate in Her Name

Karen Singh, the other person who Raj Singh purported to have an interest in the check, failed to file a responsive pleading to the complaint and her default was entered by the Clerk of the Court. Raj Singh then took it upon himself to file a Motion to Set Aside Default Against Karen Singh. *Id.,* Dckt. 62. Raj Singh contended that the Clerk of the Court should not have entered the default of Karen Singh because it was requested by Stephen Lipworth, not the Plaintiff–Chapter 13 Trustee. Thus, Raj Singh contended that the default was of prejudice not only to Karen Singh, but also Raj Singh (who on multiple occasions expressly stated he had no rights or interests in the check at issue).

The court denied the motion of Raj Singh to set aside the default of Karen Singh. The court found that Raj Singh did not have standing to litigate for Karen Singh. *Id.*; Civil Minutes, Dckt. 88. The court noted that during the sham litigation against Karen Singh, when she appeared at the hearing for entry of the default judgment which Raj Singh sought against her, Karen Singh expressed surprised when the court asked her if she understood that she had been sued by Raj Singh. Karen Singh only acknowledged being sued after looking at and receiving a nod from Raj Singh. It again appeared that the name of Karen Singh was being used solely as the cloak for Raj Singh to pursue his improper litigation goals against other unnamed third-parties.

### Judgment

In the Second Adversary Proceeding Against Lipworth, the court entered a judgment against Raj Singh, determining that he was not entitled to receive payment of any portion of the monies held by the Chapter 13 Trustee. *Id.*; Order, Dckt. 84. The court concluded that Raj Singh had expressly pleaded that he had no interest in the check at issue. *Id.*; Civil Minutes, Dckt. 98. The court expressly determined that Raj Singh continued in his well-established pattern of litigation by contending that final judgments and orders of the State Court are wrong and can be ignored. Raj Singh continued to purport to assert rights and interests of third-parties who were not before the court.

**VIII. Bankruptcy Appeals. In addition to his litigation at the bankruptcy court, Raj Singh also filed appeals from the rulings which he believed incorrect. These appeals include** *Raj Singh v. David Cusick, et al.,* **Bankruptcy Appellate Panel of the Ninth Circuit, No. 11–1700 ("BAP 11–1700").**

The Bankruptcy Appellate Panel affirmed the judgment of the bankruptcy court determining that Raj Singh did not have an interest in the proceeds of the California Franchise Tax Board refund. The Panel reviewed numerous, unsuccessfully prosecuted appeals by Raj Singh. These are: (1) BAP No. EC–10–1116—*Raj Singh v. Lawrence Loheit, et al.*; (2) BAP No. EC–10–1290—*Raj Singh v. Lawrence. Loheit, et al.*; (3) BAP No. EC–10–1471—*Raj Singh v. Lawrence Loheit, et al.*; and (4) BAP No. EC–12–1036—*Raj Singh v. David Cusick, et al.* The conclusions of the Panel include a determination that:

> From his argument, it is clear that Mr. Singh believes the Judgment was entered in error only because the Proceeds were not awarded to him. Unfortunately, in his effort to keep the Proceeds from reaching Mr. Lipworth, Mr. Singh denied in his answer that he had any property interest in the Proceeds.

> BAP 11–1700, p. 18:14–18.

### IX. Transcript From Hearing on Prefiling Review OSC

A copy of the Transcript from the hearing on the court's Prefiling Review Order ("Trans.OSC") has been filed in this case. Dckt. 172. It is clear that Raj Singh cannot articulate any reason why the Prefiling Review Order should not be entered and cannot show that he has prosecuted any of the bankruptcy cases, adversary proceedings, or contested matters in good faith. The court findings stated at the hearing include the following:

> Mr. Singh, I find that your conduct in this court is that of a vexatious litigant. You are doing in this court what you have done for a good decade in the state court. There are a number of decisions in which the trial courts and the Court of Appeal have found you to be a vexatious litigant. There are cases in which they have found you to be Klaus Singh, the person you stand in court and claim you're not. They have found you to use as an alias Santus Anali and Suman Meta (phonetic). They have said that you clearly engage in a pattern of aliases, solely for the purpose of confusing the court and the other parties. It's the same type of thing that I have now seen for a year in this court.

Trans. OSC; Dckt. 172 p. 12:22–25, 13:1–8. The court further stated:

> You [Raj Singh] came in here [this bankruptcy court] with a clean slate and you have proven yourself. You have filed motion after motion that have absolutely no merit. You file motions and don't serve the other party. You came in requesting a billion dollars against the City of Sacramento and didn't bother to serve them. When I say "didn't bother to serve them," I have your certificate of service under penalty of perjury of who you served. You are here today with a suit on Wells Fargo and your certificate of service doesn't show them being served."

Trans. OSC; *Id.* p. 13:15–22.

### DISTRICT COURT LITIGATION

This court has reviewed the files of the United States District Court for the East-

ern District of California[8] and noted the litigation being prosecuted by Raj Singh include the following actions in just the past two years.[9] Attached to this Memorandum Opinion and Decision as Appendix B is a detailed review, including quotations from pleadings and rulings, to ensure that this Ruling provides a unified analysis of the District Court litigation and the rulings in those actions.

### I. *Raj Singh and Karen Singh v. County of Sacramento et al*; E.D. Cal. 14–cv–2382—Filed October 9, 2014.

In this District Court action, the Third Amended Complaint (titled Second Amended Complaint) asserts that Raj Singh and Karen Singh are trustees of the Sitaram Living Trust (no such trust was disclosed in any of Raj Singh's multiple bankruptcy cases). E.D. Cal. 14–2382, Dckt. 11.

---

**8.** Bankruptcy judges are a unit of the district court. 28 U.S.C. § 151.

**9.** As reflected in the bankruptcy petition filed in this court, discussed *infra*, Raj Singh admits that he has "Many" (in his words) aliases. Petition, Dckt. 1. In reviewing the District Court's files for parties with the name "R" Singh, the court found some files in which the plaintiff was identified as Ram Singh, and then stated to be Raghvendra Singh, and then pleadings were signed by Raj Singh. *Ram Singh (identified in subsequent pleadings as Raj Singh) v. Mineral County et al*, E.D. Cal. 14–cv–2170. At the hearing on the Motion to Vacate, Raj Singh admitted that he was the plaintiff in the Ram Singh District Court action.

The District Court files identify two more lawsuits filed by "Raghvendra Singh:"

A. *Raghvendra Singh v. United States Government*, E.D. Cal. 13–cv–00780

1. The post-office box address used on the pleadings for "Raghvendra Singh" is the same as used on the current pleading for Raj Singh.
2. The signature of "Raghvendra Singh" is substantially similar to that of Raj Singh on this Motion.

On March 30, 2016, the District Court entered an order dismissing the complaint with prejudice. *Id.*; Order, Dckt. 15; Findings and Conclusions; Dckt. 12. The court determined that Raj Singh repeatedly filed defective complaints, failing to address the deficiencies which led to a series of orders dismissing the prior complaints. The District Court concluded that Raj Singh would not properly prosecute the action, notwithstanding multiple prior opportunities, in good faith.

### II. *Raj Singh v. City of Sacramento*, E.D. Cal. 15–cv–00997—Filed May 8, 2015.

In this District Court action, Raj Singh filed a complaint purporting to initiate litigation for both himself and Karen Singh. Complaint; E.D. Cal. 15–cv–00997, Dckt. 1. The Complaint alleges that Raj Singh and Karen Singh, both individually and as trustees of the Sitaram Living Trust, are

---

3. Raghvendra Singh is the name used for the Plaintiff listed in the caption for the District Court action where pleadings were signed by Raj Singh as Plaintiff.
4. Raj Singh has a very distinctive and unique writing and pleading style, including over the top invectives, contentions, and arguments. The pleadings style used by "Ram Sing" and "Raghvendra Singh" are identical to those used by Raj Singh.

[F.N. 9, cont.]

B. *Raghvendra Singh v. United States Government*, E.D. Cal. 15–cv–01844

1. The same comments as to the above District Court Action apply to this action.
2. In ruling on the request of "Raghvendra Singh" to proceed in *forma pauperis*, the Magistrate Judge's findings and conclusions, for which a motion to reconsider has been filed, that the complaint in the current action was identical to the complaint in the prior action which was dismissed with prejudice.

the owners of real properties commonly known as: (1) 3764 7th Avenue, Sacramento, California; (2) 2750 Crosby Way, Sacramento, California; and (3) 7809 Cotton Lane, Sacramento, California. (None of these properties were disclosed in Raj Singh's multiple bankruptcy cases, notwithstanding allegations in the District Court Complaint that Raj Singh owned the properties in 2010.) The complaint asserts claims under complex federal and state statutory and Constitutional grounds. Compensatory and punitive damages in unstated amounts are demanded. In a subsequent statement of damages, Raj Singh asserts that the City of Sacramento owes Raj Singh and Karen Singh $92,000,000.00. *Id.*, Dckt. 12.

This action is currently being actively litigated by Raj Singh.

### III. *Raj Singh and Karen Singh v. Wells Fargo Bank*, E.D. Cal. 15–cv–02664—Filed December 23, 2015.

Raj Singh and Karen Singh, Plaintiffs in *pro se*, seek relief against Wells Fargo Bank for its conduct regarding real property identified as 4304 Swiss Court, Elk Grove, California ("Swiss Court Property"). The complaint alleges that Raj Singh is an owner of the Swiss Court Property. The Swiss Court Property is not listed on Schedule A for the 2010 bankruptcy case filed by Raj Singh. Bankr.E.D. Cal. No. 10–28544, Schedule A, Dckt. 16; 09–45778, Schedule A, Dckt. 15. Raj Singh and Karen Singh seek an award of damages, restitution, and punitive damages, all in unstated amounts.

Though filed on December 23, 2015, no certificate of service has been filed for the summons and complaint.

On May 19, 2016, an Order to Show Cause was issued by the District Court as to why the complaint should not be dismissed due to Raj Singh failing to serve the complaint. E.D. Cal. No. 15–cv–02664, Dckt. 4.

### IV. *Raj Singh and Karen Singh v. Tammy Gernandes et al*, E.D. Cal. 15–cv–02663—Filed December 23, 2015.

Raj Singh and Karen Singh, Plaintiffs in *pro se*, seek damages of $10,000,000.00 in actual damages, and unstated amounts of restitution and punitive damages. E.D. Cal. Case No. 15–2663; Complaint, Dckt. 1. Raj Singh alleges that the Defendants conspired with a State Court judge to deprive Raj Singh of his rights.

On February 17, 2016, the District Court ordered this Complaint dismissed due to lack of subject matter jurisdiction. *Id.*; Order, Dckt. 10.

### V. *Ram Singh* (identified in subsequent pleadings as Raj Singh) *v. Mineral County et al*, E.D. Cal. 14–cv–02170—Filed September 18, 2014.

Raj Singh, using the alias Ram Singh filed an action seeking to enjoin Mineral County, Nevada from prosecuting a criminal action against Raj Singh for growing marijuana on Native American property and to obtain an award of damages against the Defendants named in that District Court action. E.D. Cal. Case No. 14–02170. In the Original and Amended Complaints, Raj Singh also identifies himself as Raghvendra Singh. *Id.*, Dckts. 1, 11, and 12. The signatures used for Ram Singh, Raj Singh, and Raghvendra Singh are substantially the same. Some of the "Ram Singh" pleadings are signed "Raj Singh."

After the District Court dismissed this action, Raj Singh filed a Notice of Appeal. In the Notice of Appeal, the Appellant–

Plaintiff is identified as, and the signature block so designates, Raj Singh (notwithstanding the Complaint and Amended Complaint using the alias Ram Singh). *Id.*, Dckt. 15.

The District Court dismissed Raj Singh's complaint for various reasons, including the action being in violation of the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In revoking Raj Singh's in *propria persona* status, the District Court judge determined that Raj Singh's appeal was not taken in good faith because he failed to present an arguable basis in fact or law to support his position. E.D. Cal. Case No. 14–02170; Order, Dckt. 21.

### VI. *Raghvendra Singh v. USA*, E.D. Cal. 13–cv–00780—Filed April 22, 2013.

In the Second Amended Complaint, Ram Heram, the named plaintiff, who is also subsequently identified as Raghvendra Singh and Raj Singh, asserts that the Internal Revenue Service is trying to coerce him into paying taxes which he does not owe. Further, that asserted tax liens are illegal. The "Ram Heram" signature of the Second Amended Complaint appears to be the same as the Raj Singh signature on documents filed in the bankruptcy court. The District Court dismissed Raj Singh's Second Amended Complaint and entered judgment for Defendant, finding that Raj Singh failed to allege any grounds under which the Defendant could not prevail in the litigation. The court determined that granting leave to amend would be futile, citing to Raj Singh having been allowed to amend the complaint previously, and his failure to correct the prior infirmities stated by the District Court. E.D. Cal. Case No. 13–cv–0780; Order and Findings, Dckt. 73.

As with the meritless, repetitive litigation in the bankruptcy court, the District Court concluded that Raj Singh was improperly attempting to relitigate final rulings of the Tax Court, which are the subject of appeals pending before the Ninth Circuit. *Id.*; Order, Dckt. 84.

### VII. *Raghvendra Singh v. USA*, E.D. Cal. 15–cv–01844—Filed September 1, 2015.

In this District Court action, Raj Singh, using the aliases Raghav Singh and Raghvendra Singh, asserted claims against the Internal Revenue Service for tax years 1998 through 2002 and for 2008 through 2010, contending that the alleged tax obligations asserted against Raj Singh were "illegal" and "arbitrary." Raj Singh further alleged that the "IRS robbed and killed the public." The District Court dismissed Raj Singh's Complaint with prejudice. E.D. Cal. Case No. 15–cv–01844; Order, Dckt. 5. The court's Order and Findings of Fact and Conclusions of law included determining that the claims in this complaint were the same as the ones dismissed with prejudice in a prior District Court action filed by Raj Singh, *Singh v. United States*, 2:13–cv–0780 (E.D.Cal.). *Id.*, Dckt. 3. In the Notice of Appeal, the signature for "Raghvendra Singh" is substantially the same as Raj Singh's signature, as well as using the same mailing address as Raj Singh on all the pleadings. *See In re Raj Singh*, Bankr.E.D. Cal. Case No. 10–28544.

### CALIFORNIA DISTRICT COURT OF APPEAL

### I. *Singh v. Lipworth*, 227 Cal.App.4th 813, 174 Cal.Rptr.3d 131 (2014), California District Court of Appeal

The court followed the State Bar thread for Raj Singh's attorney's, Keith Robert

Oliver, disbarment,[10] to the California Third District Court of Appeal decision in *Singh v. Lipworth*, 227 Cal.App.4th 813, 174 Cal.Rptr.3d 131 (2014); *review denied* 2014 Cal. LEXIS 7360 (Cal.2014); *cert. denied* —— U.S. ——, 135 S.Ct. 1180, 191 L.Ed.2d 138; 2015 U.S. LEXIS 766 (2015). Contrary to Raj Singh's representations in the current Motion that he is not continuing to engage in improper conduct, the California Court of Appeal tells a different story. The decision recounts the State Court determinations that Raj Singh uses the alias Suman Mehta, Kaus Singh, and Archana Singh. In the underlying State Court action, the court allowed Stephen Lipworth to enforce his judgment against Raj Singh by executing on real property which Raj Singh had transferred to Karen Singh (his wife or ex-wife), and then Karen Singh transferred back to Raj Singh, using the name "Suman Mehta" as the transferee.

The District Court of Appeal Decision reviews the meritless litigation fomented by Raj Singh and the determination that Raj Singh is a vexatious litigant. The District Court of Appeal concluded that Raj Singh was again attempting to improperly relitigate issues which had previously been determined by final judgment and orders—that he uses the various aliases to hide his ownership of properties. The District Court of Appeal imposed monetary sanctions against both Raj Singh and his attorney, Keith Robert Oliver.

## IDENTIFICATION OF POSSIBLE UNDISCLOSED "EMERGENCY" NEED FOR RAJ SINGH FILING BANKRUPTCY

Though Raj Singh refused to identify for the court any possible "emergency" reason that he could have for filing bankruptcy, a review of the District Court cases unearthed one possible reason for filing—an attempt to create the appearance that Raj Singh has neutered the ability of a District Court judge to manage a pending Raj Singh case in that judge's court and enforce the orders of the District Court.

In *United States of America (IRS) v. Raghvendra Singh* [Raj Singh], E.D. Cal. 15–cv–00287, pending in the District Court, Raj Singh has responded to an Order to Show Cause why he should not be held in contempt for failing to comply with an order of that court to produce documents. In addition to a number of other contentions, which the court did not find persuasive, Raj Singh's responses include:

"And Tenth, Singh seeks bankruptcy protection."

E.D. Cal. Case No. 15–cv–00287, Dckt. 40.; Opposition to OSC, p. 2:5.5.

"Singh already sought to file bankruptcy."

*Id.*, p. 3:14.5–15.5. and p. 4:17.5–18 (repeated twice).

Raj Singh filed in the District Court his ten-page opposition to the Order to Show Cause on January 26, 2016, stating that he was or had played his "bankruptcy card." The hearing on this Motion to Vacate in front of this court, for which Raj Singh could not identify any need to file an "emergency" bankruptcy case, was conducted in this court on February 17, 2016—twenty-two days after Raj Singh told the District Court Magistrate Judge that Raj Singh "already sought" bankruptcy protection.

Though Raj Singh appears to be telling the judge at the District Court that Raj Singh's newest bankruptcy filing would be a *fait accompli*, he did not disclose such "emergency" to the bankruptcy court.

10. http://members.calbar.ca.gov/fal/Member/ Detail/257837.

## THE PREFILING REVIEW ORDER CONTINUES TO BE NECESSARY AND PROPER

The court concludes that Raj Singh continues to be a litigant who repeatedly files meritless actions and abuses the federal judicial process. Raj Singh merely professing to the court that he will not misuse the judicial process against Stephen Lipworth does not overcome the on-going body of litigation work by Raj Singh against Stephen Lipworth, Wells Fargo Bank, the City of Sacramento, and others in this bankruptcy court, the District Court, and the State Courts. Raj Singh merely professing contrition as to his past abuses of the judicial process against Mr. Lipworth is not a basis for vacating the Prefiling Review Order, thereby freeing him to use the bankruptcy process to pursue meritless litigation against others. The Prefiling Review Order issued by this court is of minimal intrusion on Raj Singh's ability to file a bankruptcy case—if he seeks to do so in good faith.

### Raj Singh Has Failed to Pay the Required Fee to Reopen the Bankruptcy Case

Raj Singh has failed to pay the required filing fee for the reopening of this bankruptcy case and has not filed a motion requesting the court waive the filing fee. For a Chapter 13 case, the required fee for filing the motion to reopen is $235.00. *See* Judicial Conference of the United States Bankruptcy Court Miscellaneous Fee Schedule; 28 U.S.C. § 1930(b). No request for a waiver of the fee has been filed and no basis for waiving the fee has been provided to the court.

At the hearing, Raj Singh argued that his paying the required filing fee was not necessary for the bankruptcy judge to exercise federal judicial power to grant the relief Raj Singh sought. While such a contention is technically correct (the bankruptcy judge not being deprived of exercising federal judicial power merely because a fee is not paid or a bankruptcy case closed), it is not an excuse for Raj Singh to be exempted from the filing fee required by every other bankruptcy litigant. This contention by Raj Singh that the filing fee requirement should not apply to his matters demonstrates a continuing abuse of the judicial process, with Raj Singh placing himself above the rules and the law.

Raj Singh not having paid the filing fee or obtaining a waiver of the filing fee (or providing any evidence to give the court a basis for *sua sponte* waiving the fee), the Motion is denied.

Notwithstanding the failure to pay the filing fee, given Raj Singh's propensity to litigation and to ensure that an error has not been made in connection with the Prefiling Review Order, the court considers the merits of the Motion.

### Raj Singh's Continuing Litigation Conduct Demonstrates That the Prefiling Review Order is Necessary

The Motion presented to the court is devoid of any legal basis for the court granting relief under Federal Rule of Civil Procedure 60(b) to vacate the Prefiling Review Order. As discussed above, Raj Singh's arguments sound in the form of an appeal—not motion to vacate—seeking to relitigate the final order of this court. Raj Singh continues to demonstrate his abusive litigation conduct, in which no orders are final so long as Raj Singh disagrees with them.

Raj Singh has filed numerous meritless motions in this bankruptcy case, other bankruptcy case filings, adversary proceedings, and contested matters. He has commenced a sham adversary proceeding against Karen Singh (his wife or ex-wife) in an attempt to deceive this court into issuing a judgment which conflicted with

the final State Court judgment and orders that Raj Singh uses various aliases. In another contested matter, though well aware that no automatic stay went into effect in this bankruptcy case due to his multiple prior filings, Raj Singh filed a meritless motion to have the City of Sacramento held in contempt for allegedly violating the non-existent stay.

In this bankruptcy case, once the court denied the request for the judgment against Karen Singh in the sham adversary proceeding, a motion to dismiss the bankruptcy case was filed by Raj Singh. The basis for the requested dismissal as stated by Raj Singh was,

> The petitioner [Raj Singh] **filed this bankruptcy mainly for to [sic] obtain a declaration that Raj Singh is neither Suman Mehta nor Kaus Singh.** As this court denied for a declaration that Raj Singh is neither Suman Mehta nor Kaus Singh. Accordingly, Raj Singh requests to dismiss this bankruptcy.

Civil Minutes, Dckt. 131; Motion, Dckt. 43 (emphasis added). With this simple statement, Raj Singh admits that no *bona fide* purpose under the Bankruptcy Code existed for the filing of this case. Raj Singh made no effort to prosecute the Chapter 13 case in good faith.

In denying the forgoing motion to dismiss filed by Raj Singh, the court stated:

> As set forth in the findings of fact and conclusions of law for the Order to Show Cause, **the court determines that the filing, lack of prosecution, and requested dismissal of this case by the Debtor is in bad faith.** In his pleadings and at the hearing on the Order to Show Cause the Debtor has affirmatively stated that his primary goal in filing the multiple bankruptcy cases was to re-litigate a final ruling in state court that he owned real property commonly known as 1625 and 1625 28th Street, Sacramento, California, using the aliases Suman Mehta and Kaus Singh to hold title. The **Debtor did not and has not proposed any facially valid proposed plan in any of the cases.** The Debtor has affirmatively stated in his pleadings and Schedules, which are stated under penalty of perjury, that he has no income with which to fund a Chapter 13 Plan.

Dckt. 131 (emphasis added).

In addition, while filing his Chapter 13 bankruptcy cases in this District for which Raj Singh claimed he had no business or income, Raj Singh had also been actively litigating in the United States District Court and the Bankruptcy Court for the District of Delaware.[11] While Raj Singh

11. Civil Minutes, Dckt. 130.
"When checking for decisions, the court also found the final orders and ruling of the United States District Court and the United States Bankruptcy Court for the District of Delaware in the Mariner Post–Acute Network, Inc. Chapter 11 bankruptcy case, Case No. 00–00113. In that case the Debtor actively prosecuted a claim for $2,241,527.05 on behalf of his sole proprietorship Nursing Association of America. The District Court's Memorandum and Decision on the case and final order are dated July 8, 2005. FN3.

FN3. Though the Debtor was actively litigating a $2,241,527.05 claim in the name of Nursing Association of America in July of 2005, the Debtor failed to disclose in any of the bankruptcy cases his business Nursing Association of America in response to Question 18 on the Statement of Financial Affairs (which requires the debtor to disclose the names, addresses, taxpayer-identification numbers, nature of the business, and beginning and ending dates for all businesses during the six year period preceding the filing of the bankruptcy case."

was actively litigating in a Delaware bankruptcy case his asserted personal right to a multi-million dollar claim based on his business as of 2005, Raj Singh failed to disclose any information about those assets in this case in 2009 and 2010 (though the names of and interests in all business within the six-year period prior to the commencement of the bankruptcy case must be disclosed).

At oral argument on this Motion to Vacate, Raj Singh attempted to address the court's concerns by explaining that he had given up on his litigation with Stephen Lipworth and does not intend to further pursue litigation against (and abuse of) Mr. Lipworth. Raj Singh concluded that since he promised not to engage in abusive litigation against Stephen Lipworth, it was no longer "necessary" for the court to have the Prefiling Review Order as it impaired his ability to commence bankruptcy cases with respect to other persons.

This contention only further highlights the need for the Prefiling Review Order. It was not just the litigation with Mr. Lipworth. Nor the repeated litigation against the City of Sacramento and Wells Fargo Bank, N.A. asserting rights relating to a non-existent automatic stay. Nor the sham litigation against Karen Singh. Nor the motions filed against unnamed parties seeking orders which would conflict with final State Court judgments and orders. Nor the bankruptcy petitions, schedules and statements of financial affairs which were incomplete or inaccurate. Rather, it is the combination of all of the multiple, meritless litigation and bankruptcy cases which Raj Singh has filed. The concerns of the court are further heightened by Raj Singh continuing pattern of litigation in the District Court.

**Application of Ninth Circuit Prefiling Review Standards**

■ Ninth Circuit standards for the issuance of the Prefiling Review Order

continue to be satisfied today and as they were when the court issued the Prefiling Review Order. As discussed in *Molski v. Evergreen Dynasty Corp, et al,* 500 F.3d 1047 (9th Cir.2007), *en banc* hearing denied, 521 F.3d 1215 (9th Cir.2008); and *In re Fillbach,* 223 F.3d 1089 (9th Cir.2000); the court must be able to effectively managing serial filers or vexatious litigants, while providing free and open access to all persons. The abusive filing of bankruptcy petitions, motions, and adversary proceedings for purposes other than as allowed by law diminishes the quality of and respect for the judicial system and laws of this country. As addressed by the Ninth Circuit Court of Appeals in *Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1525 (9th Cir.1983), a prefiling review order is appropriate to address a litigants attempts to repeatedly relitigate claims from prior final decisions. Here, the Prefiling Review Order was not issued until after Raj Singh filed, and failed to prosecute, three Chapter 13 cases, and filed many meritless motions and adversary proceedings. There was no "rush to judgment" or undue haste in the court imposing this measured qualification on Raj Singh commencing another bankruptcy case. *Molski,* 500 F.3d at 1047. While a person has a right to access the courts, such is not a license to abuse the judicial process and treat the courts merely as a tool to abuse others. *Molski,* 500 F.3d at 1057.

■ Considering the four factor analysis applied by the Ninth Circuit Court of Appeals in *Molski:*

1. First, Raj Singh was provided notice of the Order to Show Cause, given the chance to present evidence, and provide oral and written arguments before the court made the determination that the Prefiling Review Or-

der was necessary and proper. Additionally, Raj Singh filed a post-Prefiling Review Order motion to amend said order and obtained a modification to delete the requirement that Raj Singh pay all of the unpaid filing fees from the three bankruptcy cases.

2. Second, this court has compiled "an adequate record for review" in determining that the Prefiling Review Order was necessary.[12] In addition to chronicling the meritless litigation and abuse of the federal judicial process, it was documented on the record that the only reason Raj Singh filed the bankruptcy cases was to collaterally attack the final State Court judgments and orders.

3. Third, the court made substantive findings about the frivolous or harassing nature of the plaintiff's litigation. The meritless litigation is further stated in this ruling, which now includes Raj Singh's District Court litigation of the past two years.

4. Fourth, the Prefiling Review Order is narrowly tailored to closely fit the specific vice encountered. Here, all that is required of Raj Singh is to fully, properly, and completely fill out the basic bankruptcy documents, which include the bankruptcy petition, Schedule A (all interests in real property), Schedule B (all interests in personal property), Schedule C (listing all exemptions), Schedule D (all secured claims), Schedule E (all priority claims), Schedule F (all general unsecured claims), Schedule G (executory contracts), Schedule H (all co-debtors on the debts), Schedule I (income), Schedule J (expenses), Statement of Financial Affairs (listing gross earnings for several prior years, litigation, spouse, businesses, records, and other basic financial information), and the related summary documents. This is something which even the proverbial "least sophisticated consumer" *pro se* debtor does in bankruptcy courts everyday throughout the country.

By requiring that Raj Singh complete these basic tasks—which requires only that Raj Singh truthfully and accurately under penalty of perjury complete the basic bankruptcy documents—the judge reviewing the request can quickly determine if Raj Singh is coming to the court in good faith seeking facially *bona fide* bankruptcy relief.

### Raj Singh Fails to Show Grounds For Relief Pursuant to Federal Rule of Civil Procedure 60(b)

 Though the present Motion seeks to vacate a prior order of this court, no legal basis is stated for such relief in the Motion and no points and authorities has been filed by Raj Singh. In the present Motion, Raj Singh merely argues that the Prefiling Review Order should be "reversed," ineffectively attempting to misuse Rule 60(b) as a years' late, untimely appeal.[13]

---

12. In addition to the express findings in this Memorandum Opinion and Decision and Appendix hereto, the court has expressly cited to its other rulings, decisions, and orders in the various bankruptcy cases and adversary proceedings commenced by Raj Singh. These all constitute the record upon which the Prefiling Review Order was based and upon which the court has determined that it shall continue in full force and effect.

13. A motion to vacate is not a substitute for a party filing and prosecuting a timely appeal. *Ackermann v. United States*, 340 U.S. 193, 195, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d

In federal court, such relief is sought pursuant to Federal Rule of Civil Procedure 60(b), as incorporated into bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024. Grounds for relief from a final judgment, order, or other proceeding are limited to:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying in prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The court uses equitable principles when applying Rule 60(b). *See* 11 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2857 (3rd ed.1998). A precondition to the granting of such relief is that the movant show that he or she has a meritorious claim or defense. *See* 12–60 Moore's Federal Practice Civil § 60.24; *Brandt v. American Bankers Insurance Company of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011); and *Falk v. Allen*, 739 F.2d 461, 462 (9th Cir.1984).

Additionally, the Ninth Circuit Court of Appeals has instructed in *Aurich American Insurance Company v. International Fibercom, Inc. (In re International Fibercom, Inc.)*, 503 F.3d 933, 941 (9th Cir.2007), that, Rule 60(b)(6) "any other grounds that justifies relief" while being used to ensure that justice is accomplished,

> [s]hould be " 'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only. where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.' " *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir.2005) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.1993)). Accordingly, a party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with ... the action in a proper fashion." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir.2002).

Raj Singh offers no grounds for the Rule 60(b) relief, other than his continuing contention that he has been abused by his creditors and that his creditors have operated "illegally" in State Court judgment enforcement proceedings. Raj Singh continues to ignore that there are final State Court judgments and orders. Merely because Raj Singh does not like the result (his losing), such orders and judgments are not rendered illegal, unenforceable, or subject to being "overruled" by the federal court.

Raj Singh further states that he has no income and needs his money for medical treatments. Raj Singh professes that he is concerned that he may need to file an "emergency bankruptcy," and does not want to have to comply with a prefiling review. The Prefiling Review Order is nothing more than requiring Raj Singh to properly and accurate complete the basic bankruptcy documents that every good

1199 (5th Cir.La.1993); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984); *De Filippis v.*

*United States*, 567 F.2d 341, 342 (7th Cir. 1977).

faith, *bona fide* debtor completes to prosecute a bankruptcy case as permitted by law—the bankruptcy petition, the schedules, the statement of financial affairs, and the related summaries.

At best, in the present Motion, Raj Singh argues that the Prefiling Review Order does not allow for an "emergency filing." However, there is no indication what such an "emergency filing" could be for Raj Singh. In the Motion to Vacate, Raj Singh admits that he is unemployed and has no secured creditors.[14] Thus, there can be no "emergency filing" to stop a foreclosure sale or repossession of collateral. To the extent that Raj Singh is concerned that he may subsequently acquire assets which a judgment creditor may seek to enforce a state court judgment against, such proceedings are subject to notice before any rights of Raj Singh would be "lost" thorough a sheriff's sale. That would be more than enough time for Raj Singh to prepare his documents and obtain authorization to file a bankruptcy case.

**CONCLUSION**

The Prefiling Review requirement is properly tailored to Raj Singh's behavior and the harm done to the judicial process. Raj Singh has previously admitted that he filed this bankruptcy case for purposes having nothing to do with reorganizing his debts as provided for by Congress under Chapter 13 of the Bankruptcy Code—but instead to collaterally attack in federal court the final State Court judgments and orders.

All the Prefiling Review Order requires is for Raj Singh to do what the Bankruptcy Code requires—*Truthfully, Honestly, and Accurately* complete the petition, schedules, statement of financial affairs,

and the related documents under penalty of perjury. If Raj Singh is filing bankruptcy in good faith and for *bona fide* reasons as permitted under the Bankruptcy Code (and not merely to re-re-re-re-litigate issues which are the subject to final State Court and District Court orders and judgments), such will be immediately apparent to the bankruptcy judge who reviews the proposed documents to be filed.

The Prefiling Review Order is, under the facts and circumstances stated by Raj Singh—that he has no income, no assets, and no perceived need to file bankruptcy on the horizon (being unable to identify any potential "emergency")—is the most benign, reasonable, and least intrusive order to address his flagrant prosecution of meritless bankruptcy cases, adversary proceedings, and contested matters previously in this court.

The Motion is denied.

This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law. Fed. R. Civ. P. 52(a) and Fed. R. Bank. P. 7052 and 9014. The court shall issue a separate order denying the Motion.