**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEOCADIO FIGUEROA, | No. 13-57040 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-06228-DMG-FFM |
| v. | |
| COUNTY OF LOS ANGELES, | MEMORANDUM[*] |
| Defendant, | |
| And | |
| SERGEANT ERIC GONZALEZ, | |
| Defendant - Appellant. | |
| LEOCADIO FIGUEROA, | No. 13-57044 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-06228-DMG-FFM |
| v. | |
| COUNTY OF LOS ANGELES, et al., | |
| Defendants - Appellees. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| LEOCADIO FIGUEROA, | No. 14-56229 |
| --- | --- |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-06228-DMG-FFM |
| v. | |
| ERIC GONZALEZ, Sergeant, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted February 4, 2016
Pasadena, California

Before: CALLAHAN and N.R. SMITH, Circuit Judges and RAKOFF,[**] Senior District Judge.

Sergeant Gonzalez appeals from the district court's denial of his motion for relief from default and the defendants appeal from the district court's grant of attorneys' fees for plaintiff Leocadio Figueroa. Mr. Figueroa appeals from the district court's denial of his motion for new trial against Deputy Perez. We vacate the denial of Sergeant Gonzalez's motion for relief from default, vacate the attorneys' fee award, and affirm the denial of the motion for new trial.

---

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Mr. Figueroa got into an argument with Deputy Sheriff Perez, when he went to visit his brother who was in jail, but the brother was not available because he was being disciplined. A scuffle broke out and after four deputies subdued and handcuffed Mr. Figueroa, he had a broken arm. Mr. Figueroa filed a §1983 action against the four deputies, their supervisor Sergeant Gonzalez, Sheriff Baca, and the County of Los Angeles. Trial was bifurcated.

The case against the four deputies was tried first and resulted in a jury verdict in favor of the deputies. Only Deputy Perez was found to have used excessive force, but the jury found that he reasonably believed the amount of force used to subdue Mr. Figueroa was not excessive. Mr. Figueroa has filed an appeal from the district court's denial of his motion for a new trial against Deputy Perez.

When the district court proceeded to the second phase of the trial against Sergeant Gonzalez, Sheriff Baca, and the County of Los Angeles, defense counsel informed the court that Sergeant Gonzalez would not be present as he had gone to the Dominican Republic to get married or engaged. Defense counsel told the court that he had telephoned Sergeant Gonzalez but he had not answered or acknowledged the messages he had left. The district court then entered a default judgment against Sergeant Gonzalez.

Sergeant Gonzalez subsequently filed a motion for relief from default based on his declaration that he did not know he had to be present for the second phase of the trial and did not receive any of counsel's phone messages because he had no cell phone service in the Dominican Republic. The district court denied the motion for relief and Sergeant Gonzalez has appealed from that order. The defendants have also appealed from an order awarding Mr. Figueroa attorneys' fees.

**1.** The District Court abused its discretion in denying Sergeant Gonzalez's motion for relief from default judgment. In denying the motion, the district court relied on a local rule instead of the factors set forth in *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984). These factors are: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015) (internal quotation marks omitted).

It appears that Sergeant Gonzalez has a meritorious defense and there is no showing that Mr. Figueroa will be unduly prejudiced from reopening. Thus, the propriety of the district court's order appears to turn on an evaluation of Sergeant Gonzalez's culpability.

4

Our decision is guided by two prior opinions. In *Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 806 (9th Cir. 1982), we noted that, under Supreme Court precedent, "a court could not, consistent with the requirements of due process, strike a defendant's answer and enter default as punishment for contempt." In *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 381 (9th Cir. 1988), we held that, before dismissing an action under its inherent powers, a court must consider less drastic sanctions, and that "[t]he most critical criterion for the imposition of a dismissal sanction is that the misconduct penalized must relate to matters in controversy in such a way as to interfere with the rightful decision of the case."

Here, Sergeant Gonzalez's conduct did not warrant default being entered against him. He was not subpoenaed to attend the second phase of the trial. Even if his attorneys had agreed to produce him, it appears that they did not tell him he had to attend. Sergeant Gonzalez could have believed that his attendance was unnecessary in light of the verdict in favor of the deputies. Also, there is no competent evidence to counter Sergeant Gonzalez's declaration that he did not have cell phone service in the Dominican Republic.

Moreover, it is not clear that Sergeant Gonzalez's presence was critical to Mr. Figueroa's claim against him. Presumably, Mr. Figueroa's claim is based on

5

documents and testimony of individuals other than Sergeant Gonzalez (particularly as Mr. Figueroa did not depose Sergeant Gonzalez). However, the district court did not (a) require that Mr. Figueroa proffer his case against Sergeant Gonzalez, (b) consider whether the claim could be tried without Sergeant Gonzalez, with the jury drawing an adverse inference from his absence, or (c) consider any other alternatives to default.

In light of the district court's failure to apply the *Falk* factors, the lack of personal culpability on the part of Gonzalez, the district court's miscalculation of the importance of Gonzalez's presence, and the district court's failure to consider alternatives, we vacate the denial of Gonzalez's motion for relief from default and remand the case to the district court for further proceedings.

**2**. With the vacation of the default judgment against Sergeant Gonzalez, Mr. Figueroa is no longer a prevailing party and accordingly the award of attorneys' fees is also vacated.

**3**. We affirm the district court's denial of Mr. Figueroa's motion for a new trial against Deputy Perez. Although a determination of qualified immunity is reviewed de novo, *see Deorle v. Rutherford*, 272 F.3d 1272, 1278 (9th Cir. 2001), we give deference to a jury's factual findings, *see Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999) (holding that "both the verdict and the denial of

6

the motion must be affirmed if there is substantial evidence to support the verdict").

Mr. Figueroa argues that the district court erred by permitting the jury to determine whether Deputy Perez was entitled to qualified immunity. Specifically, Mr. Figueroa contends that the jury should not have been permitted to decide whether Mr. Figueroa's constitutional right to be free from excessive force was so clearly established that Deputy Perez should have known his conduct was unlawful.

"Qualified immunity is a question of law, not a question of fact." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1210 (9th Cir. 2008). However, our case law has not been entirely consistent with regard to who may decide aspects of qualified immunity that involve disputes of material facts. *Compare Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir. 1993) ("The determination of whether the facts alleged could support a reasonable belief in the existence of probable cause or reasonable suspicion is . . . a question of law to be determined by the court."), *with Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1168 (9th Cir. 2013) ("Though we may excuse [a] reasonable officer for [making mistakes of fact or law that lead to unconstitutional acts], it sometimes proves necessary for a jury to determine first whether the mistake was, in fact, reasonable." (citations omitted)).

In this case, the material facts were contested. On the one hand, if the facts were as alleged by Mr. Figueroa, Deputy Perez may have violated a constitutional right that was clearly established. However, if the facts were as alleged by Deputy Perez, Deputy Perez's conduct did not violate any clearly established constitutional right. Thus, the court could allow the jury to determine which version of the facts was true. *See Torres*, 548 F.3d at 1211. However, this district court went a step further and instructed the jury on qualified immunity. Under *Johnson*, such deference to the jury (as to whether Deputy Perez's belief that his use of force was not unconstitutional was reasonable) may have been acceptable. However, under *Act Up!*, it was clearly an error. For purposes of this case, we need not decide whether *Johnson* or *Act Up!* controls because any error committed by the district court under *Act Up!* was harmless.

First, the jury's responses to the questions on the verdict form do not suggest that the jury believed Deputy Perez had violated Mr. Figueroa's constitutional rights. Rather, the jury's responses suggest it believed that, although the force used was perhaps more than necessary (resulting in a broken arm), Deputy Perez reasonably believed that he needed to use such force to control the situation under these particular circumstances. That determination, as Mr. Figueroa admits, was a question of fact properly before the jury. In other words, the jury was permitted

8

(under both *Johnson* and *Act Up!*) to decide whether Deputy Perez reasonably believed the amount of force he used was necessary under the circumstances. Such finding established that no constitutional right had been violated. Because the jury in effect determined that there had been no violation of a constitutional right, there could be no liability and therefore no need for additional qualified immunity analysis.

Second, the right Mr. Figueroa alleges was violated was not so clearly established that a reasonable person in Deputy Perez's situation should have known that his actions in "the specific context of this case" were unlawful. *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (internal quotation marks omitted); *see also Pearson v. Callahan*, 555 U.S. 223, 243 (2009). Because this determination is purely a question of law, we may decide the issue without deference to the district court or the jury. Thus, even if, as Mr. Figueroa contends, the jury impermissibly weighed in on a purely legal question, such error was harmless because we, in an independent analysis of legal precedent, also find that the right was not clearly established.

The district court's order denying Sergeant Gonzalez relief from default is vacated and the award of attorneys' fees is vacated. The district court's order

9

denying Mr. Figueroa's motion for a new trial against Deputy Perez is affirmed.

The case is remanded to the district court. Costs are awarded to defendants.

**VACATED in part, AFFIRMED in part, and REMANDED.**