NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEOCADIO FIGUEROA, | No. 18-56131 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-06228-DMG-FFM |
| v. | |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, Chief District Judge, Presiding

Submitted August 30, 2024**
San Francisco, California

Before: CALLAHAN and N.R. SMITH, Circuit Judges, and RAKOFF,*** District Judge.

Mr. Figueroa appeals the District Court's grant of summary judgment for defendant Sergeant Gonzalez. He alleges that despite our prior determination that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

"no constitutional right had been violated," *Figueroa v. County of Los Angeles*, 651 F. App'x 709, 713 (9th Cir. 2016), summary judgment was inappropriate because the jury had found that Deputy Perez used excessive force in violation of Mr. Figueroa's constitutional rights and the prior panel's determination was dictum. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Neither of Mr. Figueroa's arguments is persuasive. The question posed to the jury was simply "Did any of the Defendants use excessive force against Plaintiff Leocadio Figueroa?" The jury checked the "Yes" box. There is no indication that the jury was instructed as to what constitutes excessive force in violation of the Constitution as contrasted to other definitions of excessive force. Indeed, question 6 asked the jury "Did the Defendant prove that at the time he arrested Plaintiff it was reasonable for the defendant to believe that the force he used in arresting Plaintiff was not excessive." The jury checked the "Yes" box. This ends the matter, as the Supreme Court has held that, to determine whether excessive force rises to the level of a constitutional violation, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Here, it is not clear whether the jury's response indicates that Officer Perez had a sincere but objectively unreasonable belief that force was necessary, or whether the

2

surrounding circumstances rendered such a belief reasonable. Accordingly, Mr. Figueroa has not shown that the jury's verdict established that there was a constitutionally prohibited use of excessive force.

Mr. Figueroa's appeal also fails because our determination that "no constitutional right had been violated," *Figueroa*, 651 F. App'x at 713, was not dictum. An underlying issue in the prior appeal was the propriety of the district court going "a step further and instruct[ing] the jury on qualified immunity." *Id*. The more usual approach is for the judge to determine qualified immunity. But we concluded that because the jury determined that Perez "reasonably believed the amount of force he used was necessary," this "established that no constitutional right had been violated under the circumstances." *Id*. Thus, our acceptance of the jury's determination was an important part of our decision and not dictum.

The district court's grant of summary judgment in favor of Sergeant Gonzalez is **AFFIRMED**.